LIBERTY MUTUAL INSURANCE COMPANY *v.*
MORGAN *et al.*

No. 15099.   MARCH 7, 1945.   REHEARING DENIED MARCH 19, 1945.

*Anderson, Anderson & Walker,* for plaintiff in error.
*Turpin & Lane* and *Harris, Russell, Weaver & Land,* contra.

JENKINS, Presiding Justice. The Court of Appeals has certified to this court, questions which, as amended, are as follows: "E. M. Morgan was employed by R. A. Bowen. Morgan was injured on August 28, 1942. At that time the Liberty Mutual Insurance Company and Glens Falls Indemnity Company had compensation insurance on operations of the employer, R. A. Bowen. On September 16, 1942, Morgan, the employee, Bowen, the employer, and the Liberty Mutual Insurance Company filed with the then Industrial Board a memorandum of agreement for the payment of compensation, signed by each party named, which was approved by the board on October 12, 1942, and which agreement contained the following provision: 'If a party in interest doubts that the agreement made has been made strictly according to law, he may address the department with an inquiry or complaint. It will receive prompt attention.' Morgan alone signed a supplemental agreement setting forth that his injury was fifty per cent. loss of his right foot and in which he agreed to accept $10 per week rather than $20 as fixed in the first-named agreement. The supplemental agreement was never approved by the board. The Liberty Mutual Insurance Company paid compensation until May, 1943, when it stopped payments, contending that the policy issued by Glens Falls Indemnity Company covered the injury and that its policy did not. The board set the case for a hearing 'to determine extent of disability and compensation. Insurance company liable for compensation and medical expense.' No party contended that there was a change in the employee's condition, and there was no evidence of a change in his condition subsequently to the second agreement signed by the employee.

"1. Did the State Board of Workmen's Compensation have jurisdiction to review the award approved by it to determine which insurance company's policy covered the injury to the employee?

"2. Did the board have jurisdiction to order that the Glens Falls Indemnity Company reimburse the Liberty Mutual Insurance Company for compensation paid by it in the event it found that the former's policy covered the injury and that the latter's did not?

"3. If the first question is answered in the affirmative: (a) Did the board's jurisdiction to review the settlement agreement approved by the board arise from the authority to review settlements contained in the Code, § 114-709, without reference to the clause

in the approval of the settlement agreement attempting to reserve jurisdiction in the board? or (b) Did the board's jurisdiction to review the settlement agreement arise from the fact that the board reserved jurisdiction as stated? (c) If 3 (a) and (b) are answered in the negative, upon what theory did the board have jurisdiction? See *Lumbermen's Mutual Casualty Co.* v. *Lattimore*, 165 *Ga.* 501 (141 S. E. 195); *Maryland Casualty Company* v. *Morris*, 68 *Ga. App.* 239 (22 S. E. 2d, 627); *Reese* v. *American Mutual Liability Ins. Co.*, 67 *Ga. App.* 420 (20 S. E. 2d, 773); and Code, § 114-709."

It is the well-established rule, which seems to be conceded here, that an award of the Industrial Board, based upon an agreement between an injured employee and his employer, providing for compensation under the terms of the workmen's compensation act for a specific injury sustained by the employee, is, in the absence of fraud, accident, or mistake, binding on the parties. *Rourke* v. *United States Fidelity & Guaranty Co.*, 187 *Ga.* 636 (1 S. E. 2d, 728); *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613 (123 S. E. 897); *Home Accident Insurance Co.* v. *McNair*, 173 *Ga.* 566 (161 S. E. 131); *Lumbermen's Mutual Casualty Co.* v. *Cook*, 195 *Ga.* 397 (24 S. E. 2d, 309); *New Amsterdam Casualty Co.* v. *McFarley*, 191 *Ga.* 334 (12 S. E. 2d, 355); *American Mutual Liability Ins. Co.* v. *Jenkins*, 63 *Ga. App.* 777, 783 (12 S. E. 2d, 80); *Teems* v. *American Mutual Liability Ins. Co.*, 41 *Ga. App.* 100 (151 S. E. 826); *South* v. *Indemnity Insurance Co.*, 39 *Ga. App.* 47 (3) (146 S. E. 45). The movant contends that the approval by the board of the agreement (which ordinarily has the same effect as an award made after a full hearing, *Rourke* v. *United States Fidelity & Guaranty Co.*, supra, was provisional only, and consequently that the board thereafter was not precluded from entertaining a motion to review and revise its award. This contention is based upon the ruling by this court in *Lumbermen's Mutual Casualty Co.* v. *Lattimore*, supra, in which case the award by the Industrial Commission was made on the theory of total dependency but should have been made on partial dependency, and where the notice by the commission to the parties at interest of its action in approving the agreement between the employer and the claimant contained (as it did in the instant case) this language: "If any party in interest doubts that the agreement made has been made strictly accord-

ing to law, he may address the Commission with an inquiry or complaint. It will receive prompt attention."

Under the facts set forth in the certified questions—irrespective of whether or not, under the *Lattimore* case, the board's right to review its award would continue over and beyond the expiration of the thirty days provided for an appeal (the review in that case and in *Reese* v. *American Mutual Liability Ins. Co.,* supra, having been made within such time)—in the instant case, since the movant, in response to the notice from the board, not only failed within such thirty-day period to avail itself of any invitation to be heard, but on the contrary solemnly adopted the award made in accordance with its previous written agreement by thereafter making payments thereunder for a period of six months, it must be held that the movant thereby ratified and confirmed the award, and could not, long thereafter, be heard to attack it in the manner now sought. The fact that the claimant, subsequent to the approval by the board of the agreement made between the parties, may have himself filed with the board a renunciation of one-half of the award, made on the theory that the injury to his foot had resulted in only a one-half disability thereof, and that the subsequent payments were made accordingly, would not operate to change the rule, but on the contrary accentuates the fact that the judgment of the board was solemnly and finally accepted by the parties, and therefore could in no event be longer treated as provisional only. Accordingly, under the facts set forth in the certified questions, the first question must be answered in the negative; and this renders a consideration of the remaining questions propounded unnecessary. See, as bearing generally on this principle, *Grizzel* v. *Grizzel,* 190 *Ga.* 219 (3) (9 S. E. 2d, 247); 4 C. J. S. 410, § 214 (b), notes 65, 66, 78.     *All the Justices concur.*