36382. ARNOLD *v.* INDEMNITY INSURANCE COMPANY *et al.*

CARLISLE, J. 1. "When this court discovers from the record that a judgment [or an award] has been rendered by a court [or the State Board of Workmen's Compensation] having no jurisdiction of the subject matter and the case is brought here for review upon writ of error, this court will of its own motion reverse the judgment." *Smith* v. *Ferrario,* 105 *Ga.* 51, 53 (31 S. E. 38); *Cutts* v. *Scandrett,* 108 *Ga.* 620 (34 S. E. 186).

2. It is a well established rule that an award of the State Board of Workmen's Compensation, based upon an agreement between an injured employee and his employer, providing for compensation under the terms of the Workmen's Compensation Act for an injury sustained by the employee, is, in the absence of fraud, accident, or mistake, binding on the parties. *Rourke* v. *U. S. Fidelity &c. Co.,* 187 *Ga.* 636 (1 S. E. 2d 728); *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (123 S. E. 897); *Home Accident Ins. Co.* v. *McNair,* 173 *Ga.* 566 (161 S. E. 131); *Lumbermen's Mutual Cas. Co.* v. *Cook,* 195 *Ga.* 397 (24 S. E. 2d 309); *New Amsterdam Cas. Co.* v. *McFarley,* 191 *Ga.* 334 (12 S. E. 2d 355); *American Mutual Liability Ins. Co.* v. *Jenkins,* 63 *Ga. App.* 777, 783 (12 S. E. 2d 80); *Teems* v. *American Mutual Liability Ins. Co.,* 41 *Ga. App.* 100 (151 S. E. 826); *South* v. *Indemnity Ins. Co.,* 39 *Ga. App.* 47 (3) (146 S. E. 45).

3. Where the parties have entered into an agreement which has been approved by the State Board of Workmen's Compensation and payments have been made thereunder, *the board* is without jurisdiction to re-open the case upon any grounds other than a change in condition for which provision is made in Code § 114-709 after the expiration of the 30-day period allowed for appeal to the superior court by Code § 114-710. *Liberty Mutual Ins. Co.* v. *Morgan,* 199 *Ga.* 179 (33 S. E. 2d 336).

4. While by the terms of Code (Ann. Supp.) § 114-706, it is provided: "If the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under this Title, or if they have reached such an agreement which has been signed and filed with the State Board of Workmen's Compensation, and compensation has been paid, or is due in accordance therewith, and the parties thereto then disagree as to the continuance of any weekly payment under such agreement, either party may make application to the board for a hearing in regard to the matters at issue, and for a ruling thereon." This Code section must be construed in pari materia with other sections of the Title in general and with Code § 114-709 in particular. Under such a construction, Code (Ann. Supp.) § 114-706 has reference to disagreements between the parties *prior to the time the agreement has been approved by the board,* and this section does not authorize the board to re-open a case in which an agreement has been approved by the board. After approval of the agreement, the board's jurisdiction is confined to the question of whether there has been a change in condition under the terms of Code § 114-709. (See in this connection *Wilkins* v. *Travelers Ins. Co.,* 52 *Ga. App.* 142, 182 S. E. 628). All other questions are res adjudicata. *South* v. *Indemnity Ins. Co.,* 39 *Ga. App.* 47.

5. Under an application of the foregoing principles of law to the facts of the present case, the State Board of Workmen's Compensation was without jurisdiction to re-open the case in order to determine the extent of the claimant's disability and whether or not he was justified in refusing an operation. The superior court, consequently, erred in affirming the award of the trial director. It appears from the record in this case that the claimant sustained a compensable injury on June 1, 1955; that he entered into a written agreement with the employer on July 6, 1955, which was approved by the State Board of Workmen's Compensation on July 14, 1955. Under the terms of this agreement, the claimant was to receive $25.20 per week, based on his weekly wage of $42 per week, during his disability, which was total. It appears without dispute from the brief of the defendant in error that payments for which provision was made in the agreement commenced on June 8, 1955, and were continued through August 31, 1955; that following the claimant's refusal to undergo a laminectomy in an effort to correct a herniated intervertebral disc, the insured discontinued payments under the agreement. The claimant, on September 26, 1955, requested a hearing to determine the extent of his disability and the propriety of his refusal of the laminectomy. For this stated purpose, the board set a hearing on July 14, 1955, for November 3, 1955. The hearing was finally had on December 6, 1955, and an award was entered granting the claimant the sum of $7.50 per week for a period not to exceed 350 weeks for a 30-percent permanent partial disability. It does not appear that any application was made for a hearing, or that a hearing was had, to determine whether or not there had been a change in the claimant's condition. It nowhere appears in the record that, following the board's approval of the agreement entered into by the parties, either party entered any appeal from that award.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

Decided October 22, 1956.

*James A. Bagwell,* for plaintiff in error.

*Palmer H. Ansley, Smith, Field, Doremus & Ringel,* contra.