37609. SIMPSON *v*. LIBERTY MUTUAL INSURANCE COMPANY *et al.*

DECIDED MAY 6, 1959—
REHEARING DENIED MAY 28, 1959.

*Paul Blanchard, Richard H. Baker,* for plaintiff in error.

*Hatcher, Smith, Stubbs & Rothschild, Albert W. Stubbs,* contra.

FELTON, Chief Judge. ■ ■ In support of their motion to dismiss the writ of error, the defendants in error contend that the bill of exceptions does not name or specify a defendant in error. Code § 6-1202, as amended (Ga. L. 1957, pp. 224, 227), states in pertinent portion: "Essential parties. Who are interested parties. — When the record shows clearly who were parties to the litigation in the court below, the writ of error shall not be dismissed because the bill of exceptions fails to specify or designate the parties plaintiff in error or defendant in error . . ." While it is true that the bill of exceptions does not contain the usual recital naming defendants in error as such, the record shows clearly who were the parties to the litigation in the court below. In addition, the bill of exceptions sets out all parties to the case and specifies Ivy Lee Simpson as plaintiff in error. Under these circumstances, the mere failure to designate the opposite parties as defendants in error is not a ground for dismissal. *Anderson* v. *Heyward,* 96 *Ga. App.* 683 (101 S. E. 2d 110), cited by defendants, deals solely with the validity of service of a bill of exceptions, which issue is not here involved.

■ The defendants in error also urge dismissal of the writ of error for the reason that the evidence introduced before the Workmen's Compensation Board has not been brought to this court in any manner authorized by law. The transcript of proceedings and testimony before the board was not included in the bill of exceptions originally tendered to the trial judge, but was added thereto by a purported amendment stating that plaintiff "amends his bill of exceptions heretofore tendered in the above-captioned case by adding the transcript of the evidence introduced before the director upon which he based his award . . ." The defendants in error contend that the transcript, presented with the addition to the bill of exceptions, cannot be considered because the "amendment" presenting it was never allowed by the trial court. This contention, however, overlooks the fact that the transcript when tendered was not legally an

632

amendment to the bill of exceptions, which had not been certified or allowed at that time. As stated in 4A C.J.S. 839, § 892 b, ". . . it is generally recognized that the right to amend may be exercised only if there exists a valid bill of exceptions to amend. Thus, if a proffered bill of exceptions has not been settled and allowed according to law, it is not subject to correction or amendment . . ." Since the transcript was therefore not added by way of amendment, it was not necessary for the trial judge to allow it as such. The cases cited by the defendants in error are all concerned with the necessity for the trial court's allowance of an amendment to a petition previously sanctioned, and their rulings do not apply to a mere proffered bill of exceptions. And finally, the erroneous designation of the addition as an "amendment" by plaintiff in error's counsel is not controlling as to its legal nature.

■ The defendants in error further contend that the writ of error must be dismissed because certain portions of the record attached to the bill of exceptions and specified therein as material to a clear understanding of the errors complained of have not been certified by the clerk of the superior court. The certificate of the trial judge departs from the form prescribed in Code (Ann.) § 6-806 by omitting the usual order to the clerk "to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such . . ." The fact that such certificate is not in the exact language of the statute does not require a dismissal of the writ of error. *Castleberry* v. *Parrish,* 135 *Ga.* 527 (2) (69 S. E. 817). On the contrary, the omission of the above-quoted language, plus the unqualified certification that the bill of exceptions is true and the delay of certification until the addition of the transcript above referred to, can only be taken to mean that the trial judge himself was certifying to the entire contents of the bill as finally tendered to him, in lieu of the usual certificate by the clerk. In *Daniel* v. *Central of Ga. Ry. Co.,* 119 *Ga.* 246 (1) (46 S. E. 107), it was held, "While the practice is deprecated, it is not a ground to dismiss a writ of error that the portions of the record material to a clear understanding of the issues involved are brought to this court in the

bill of exceptions under the certificate of the trial judge, instead of being specified in the bill of exceptions and sent up as a separate transcript under the certificate of the clerk of the court below . . . ." The motion to dismiss the writ of error is denied.

■ The chief contention of the plaintiff in error on the merits of this case is that the State Board of Workmen's Compensation had no power to set aside the agreement between the parties on the ground that the same was procured by fraud. With regard to the powers and jurisdiction of the board, the holding in *Gravitt* v. *Georgia Cas. Co.*, 158 *Ga.* 613, 618 (123 S. E. 897) is still applicable: "The Georgia Industrial Commission is not a court of general jurisdiction, nor even of limited common-law jurisdiction, but it is an industrial commission made so by express terms of the act of the legislature to administer its provisions as provided therein. As such administrative commission it possesses only such jurisdiction, powers, and authority as are conferred upon it by the legislature, or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted. It has a procedure which was conferred on it by the legislature of the State." The procedure conferred on the board for review of an award or settlement such as here concerned is set out in Code (Ann.) § 114-709: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the State Board of Workmen's Compensation may, within two years from the date that the board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid." In *Lumbermen's Mutual Cas. Co.* v. *Cook*, 195 *Ga.* 397, 400 (24 S. E. 2d 309), the Supreme Court held: "The only provision of law for further consideration of a case thus disposed of by an approved agreement is a review upon a change in condition, as

provided in Code [Ann.] § 114-709. The inquiry authorized by law to be made on the review is strictly limited to a change in condition." See also *Teems* v. *American Mutual Liability Ins. Co.*, 41 *Ga. App.* 100 (1) (151 S. E. 826); *Arnold* v. *Indemnity Ins. Co.*, 94 *Ga. App.* 493 (3) (95 S. E. 2d 29).

On many occasions it has been stated in substance that an award of the board, based on an agreement between an injured employee and his employer, providing for compensation under the terms of the act for a specific injury sustained by the employee is, in the absence of fraud, accident or mistake, binding on the parties. *Liberty Mutual Ins. Co.* v. *Morgan*, 199 *Ga.* 179, 181 (33 S. E. 2d 336); *Rourke* v. *U. S. F. & G. Co.*, 187 *Ga.* 636 (1) (1 S. E. 2d 728); *Arnold* v. *Indemnity Ins. Co.*, 94 *Ga. App.* 493 (2), supra. See also *Maryland Cas. Corp.* v. *Mitchell*, 83 *Ga. App.* 99 (1) (62 S. E. 2d 415); *Georgia Marine Salvage Co., Inc.* v. *Merritt*, 82 *Ga. App.* 111 (1) (60 S. E. 2d 419); *U. S. Casualty Co.* v. *Smith*, 34 *Ga. App.* 363 (1) (129 S. E. 880). It should be observed, however, that none of the above cases actually involves allegations of fraud on the part of the claimant and they do not purport to decide whether jurisdiction is vested in the State Board of Workmen's Compensation to review awards or settlements allegedly procured by fraud.

Cases in which allegations of fraud in procuring an award or settlement are actually involved are less numerous. In *Sutton* v. *Macon Gas Co.*, 46 *Ga. App.* 299 (2) (167 S. E. 543), this court held: "The Industrial Commission has no authority, after a full hearing and the rendition of an award denying compensation to a claimant, from which no appeal is entered, to entertain another application by the claimant, filed after the time provided in the act for entering an appeal, and more than two years after the award denying compensation, for a review of such previous award on the ground that it was 'contrary to law', and that it was 'procured by fraud.'" Allegations of fraud on the part of the claimant were involved in *Heath* v. *Standard Acc. Ins. Co.*, 94 *Ga. App.* 548 (95 S. E. 2d 726), and *McCord* v. *Employers Liability Assurance Corp.*, 96 *Ga. App.* 35 (99 S. E. 2d 327), but the question of jurisdiction was expressly left undecided in both these cases.

There is clearly no statutory authority for the board to review a final award or settlement on the ground that it was procured by fraud. Neither the board nor the appellate courts can by construction extend the jurisdiction of the board beyond the limits set by statute. It therefore follows that the award rescinding the agreement in the instant case on the ground that the same was "procured by fraud" is beyond the jurisdiction of the board to make. From the plain language of the award and an examination of the brief of evidence it is apparent that the board did not make a finding as to a change in condition or the cause of the claimant's condition subsequent to the agreement otherwise than was involved in the consideration whether the agreement was obtained by fraud. Since the award of the board was not based on evidence of a change in the claimant's condition subsequent to the original award and agreement but was based solely on the finding that the agreement was obtained by fraud, it was not authorized and exceeded the jurisdiction granted by law, and must be set aside.

The court erred in affirming the director's award denying further compensation.

*Judgment reversed. Quillian and Nichols, JJ., concur.*