39683. ST. PAUL FIRE & MARINE INSURANCE COMPANY et al. v. BRIDGES et al.

DECIDED SEPTEMBER 24, 1962.

622

*Smith, Swift, Currie, McGhee & Hancock, Glover McGhee,* for plaintiff in error.

*Robert L. Cork, Tillman & Buice, B. Lamar Tillman,* contra.

EBERHARDT, Judge. There is really only one question for decision here, viz., whether the Workmen's Compensation Board has jurisdiction within 30 days after the unconditional approval of an agreement for the payment of compensation to entertain and grant a motion to vacate and set aside the approval (and the agreement) upon the ground of fraud, accident or mistake.

The board is an administrative body, having no jurisdiction beyond that granted to it by the provisions of the Workmen's Compensation Act. It has heretofore been held that the jurisdiction granted under the act does not extend to the board power to vacate or set aside such an order, or to modify it in the absence of a "change of condition." *Teems v. American Mut. Liab. Ins. Co.,* 41 Ga. App. 100 (1) (151 SE 826); *Simpson v. Liberty Mut. Ins. Co.,* 99 Ga. App. 629 (2) (109 SE2d 876); *Liberty Mut. Ins. Co. v. Simpson,* 101 Ga. App. 480 (3) (114 SE2d 141); *National Union Ins. Co. v. Mills,* 99 Ga. App. 697

(109 SE2d 830); *Arnold v. Indemnity Ins. Co.,* 94 Ga. App. 493 (3) (95 SE2d 29); *Dempsey v. Chevrolet Division,* 102 Ga. App. 408 (116 SE2d 509); *U. S. Cas. Co. v. Smith,* 34 Ga. App. 363 (1) (129 SE 880); *Gravitt v. Georgia Cas. Co.,* 158 Ga. 613 (1) (123 SE 897); *Liberty Mut. Ins. Co. v. Morgan,* 199 Ga. 179, 181 (33 SE2d 336). Cf. *Hasty v. Carter,* 105 Ga. App. 139 (1), 141 (123 SE2d 563).[1]

It is true that there is language in some of these decisions that would indicate that the board's jurisdiction in connection with the approval of an agreement might continue until the expiration of the 30-day period provided by statute for appeal therefrom, i.e., in *Arnold* and in *Mills* reference is made to the fact that the 30-day period had elapsed, and in the other cases it appears from the dates in the recital of facts that the period had elapsed. In none of the cases has the question been raised as to whether within the 30-day period the board's jurisdiction continued. Perhaps it is settled, though, in *U. S. Fidelity &c. Co. v. Neal,* 58 Ga. App. 755 (1) (199 SE 846) (rev'd. on other grounds, 188 Ga. 105, 3 SE2d 80) where it appears that the motion to vacate was made within two days after approval and this court held that the board was without jurisdiction to do so.

Much merit can be found in the position that the board ought to have such continuing jurisdiction. Some discussion of the matter may be found in *Complete Auto Transit v. Davis,* 106 Ga. App. 369, supra. It would seem that the vacation of an order of approval for the purpose of allowing correction of an error induced by fraud, accident or mistake at the board level

---

[1] It is the matter of a lack of jurisdiction prior to the time of the filing of an application for a determination of whether the employee has experienced a change of condition under *Code Ann.* § 114-709 that prohibits the entering of a retroactive order thereon; thus the principle of *South v. Indemnity Ins. Co.,* 39 Ga. App. 47 (4) (146 SE 45); *National Surety Corp. v. Nelson,* 99 Ga. App. 95, 98 (107 SE2d 718); *Pacific Emp. Ins. Co. v. Shoemake,* 105 Ga. App. 432 (3) (124 SE2d 653); *Home Acc. Ins. Co. v. McNair,* 173 Ga. 566 (161 SE 131); *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369 (126 SE2d 909), and others similar, supports the ruling here.

would involve less trouble and expense to all concerned than an attack in a court of equity. However, in view of the prior determinations of this court and the Supreme Court, of the narrow statutory jurisdiction of the board, and in view of the absence of any affirmative provision for such a continuance of jurisdiction to be found in the act, we must conclude that such is a matter that addresses itself to the General Assembly if it is to be accomplished. It might be done by a simple amendment of *Code* § 114-715.

As we have indicated, if fraud, accident or mistake exists in connection with the agreement or in the securing of an order of approval thereof, the aggrieved party is not without remedy. He may, under the established rules for attacking and setting aside a judgment, obtain his relief in a court of equity.

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*