## 44921. BUSH v. FIDELITY & CASUALTY COMPANY OF NEW YORK et al.

BELL, Chief Judge. The claimant was injured in a compensable accident in June, 1963. The parties made an agreement for compensation for total disability which was approved by the Board of Workmen's Compensation on August 6, 1963. In a supplemental agreement approved by the board on February 12, 1964, the parties stipulated that the claimant had returned to work on November 22, 1963, for the same employer and that he had a 30% partial disability to his right hand and 90% partial disability to his left hand; that claimant was to receive $36 per week so long as the disability continues but not to exceed 320 weeks. In December 1967, the defendant insurance company, by its attorney, advised the board by letter that the award contained in the supplemental agreement of February 12, 1964, was "illegal" and requested a hearing for the purposes of a review of the matter and to have a replacement issued, contending that the award called for the payment of more compensation than allowed for the disability agreed to in the supplemental agreement. The defendant insurance company at this time further advised the board that full payment had been made in accordance with the award. Based on this advice to the board, a hearing was held in November 1968, before a deputy director. The hearing consisted mainly of the parties arguing their respective positions as to the effect of their approved agreement of Feb-

ruary, 1964. The only evidentiary matter received relevant to this appeal was that the claimant had been paid compensation for 212 weeks at $36 per week and that the defendant insurance company ceased payments as of May 16, 1967, apparently unilaterally. On February 5, 1969, the deputy director made findings of fact which consisted of his construction of the supplemental agreement and in summary he found by a mathematical computation that under the agreed percentage of partial disability to both hands the claimant was entitled to only a total of 192 weeks of compensation under *Code Ann.* § 114-406 (1) at $36 per week; and since he had been paid this amount under the approved supplemental agreement, claimant was not entitled to further compensation until a change in condition was shown. The deputy director made an award in which he authorized and directed the employer and/or insurer to discontinue further payments of compensation. At the hearing in November, 1968, no evidence was considered relative to a change of condition. For reasons not here pertinent the defendants were allowed to refile for another hearing on the ground of change of condition during the November, 1968, hearing. Another hearing was held on February 6, 1969, the day following the award, which is the basis of this appeal. On February 13, 1969, the deputy director made findings of fact in which he found a change in condition and awarded additional compensation to claimant less credit for compensation already paid him. The claimant applied for a review of the award of February 5, 1969, to the full board which approved the award of the deputy director, one member dissenting. On appeal to the superior court by claimant, the award of the board was affirmed. Insofar as the record before us shows, claimant has never appealed the award of February 13, 1969, to either the full board, or the superior court. *Held:*

There is really only one question for decision here and that is whether the Workmen's Compensation Board has any authority to enter the award of February 5, 1969. Claimant contends that the board exceeded its powers granted by the Workmen's Compensation Act. The Board of Workmen's Compensation is an administrative body and it possesses only the jurisdiction, powers, and authority granted to it by the legislature. *Simpson v. Liberty Mut. Ins. Co.*, 99 Ga. App. 629, 633 (109 SE2d 876); *St. Paul Fire &c. Ins. Co. v. Bridges,*

106 Ga. App. 621 (127 SE2d 699). Where the parties have agreed and their agreement has been approved by the board, the board is without jurisdiction to reopen the case on any grounds other than a change of condition under *Code Ann.* § 114-709. *Arnold v. Indemnity Ins. Co.*, 94 Ga. App. 493 (3) (95 SE2d 29). It has been previously held that the board has no authority or power to vacate, set aside, or modify a prior final award in the absence of a change of condition. *St. Paul Fire &c. Ins. Co. v. Bridges*, supra. The defendant insurance company in its letter to the board which brought about this award, asked for a replacement of the earlier award and during the hearing argued that the length of the award, not to exceed 320 weeks, was a mistake. The deputy director, who attempted to justify his award upon a construction of the agreement, avoided expressing the award in terms of a vacating, setting aside, or modification. Notwithstanding this, the effect of his findings and his award was clearly a modification of the prior award contained in the approved supplemental agreement. Under the authorities cited, the board exceeded its powers in approving the deputy director's award and the superior court erred in affirming the board's decision.

*Judgment reversed. Quillian and Whitman, JJ., concur.*

SUBMITTED JANUARY 5, 1970—DECIDED APRIL 30, 1970.

*Howe & Murphy, D. B. Howe, Sr.,* for appellant.
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,* for appellees.