### 53594. SMITH v. FIREMEN'S FUND INSURANCE COMPANY et al.

DEEN, Presiding Judge.

1. Where a final award is entered in a workmen's compensation case, either party may within thirty days "but not thereafter" file an application for appeal with the board, which then "shall" forward certified copies of all papers and documents in the case to the clerk of the applicable superior court. Code § 114-710. It appears from the record here that the award was entered December 3, 1975; the notice of appeal was signed on January 3, 1976, 31 days later, and filed with the board (as shown by the date stamp) on January 5, 1976, 33 days later. These facts appearing from the face of the record, the judge of the superior court did not err in granting a motion to dismiss on this ground.

2. It is contended that because the appellee filed objections before the compensation board to the

transmittal of the record, the motion to dismiss in the superior court comes too late. This position is not meritorious for the reason among others that it does not appear that the objections were ever considered or ruled on by the board.

3. It is also contended that the appeal should not be dismissed because two printed form letters covering the transmittal of the appeal, addressed to the clerk of the superior court, recite that the within appeal "has been made within 30 days" and is "within the time limits specified by the Act." These are countered by a subsequent affidavit of one of the signers, the sec-retary-treasurer in actual charge of transmittal of the records, to the effect that the date stamps on the documents are correct rather than the conclusions in the printed portions of the form letters. "[T]he entry of filing is the appropriate evidence of the time of filing." *Clements v. Collins,* 59 Ga. 124, 125. The date stamps and the date of the award are, in the case of such a conflict, the best evidence of what transpired, and these in turn are supported by the affidavit.

The superior court judge did not err in dismissing the appeal.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

Submitted March 2, 1977 — Decided March 11, 1977.

*Word, Nicholson & Cook, R. H. Nicholson,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Robert L. Kiser,* for appellees.