### 53547. WALKER v. CONTINENTAL INSURANCE COMPANY et al.

MARSHALL, Judge.

This is an appeal from the denial of compensation to appellant Walker by the Board of Workmen's Compensation, as affirmed by a superior court. The two principal contentions by Walker are that the board was without authority to vacate a previously approved compensation agreement, and that there was evidence that the injury to his foot not only arose during his employment but also arose out of it.

The facts reflect that Walker was a sanitation worker

for the City of Hapeville. His duties required him to drive a three-wheeled scooter and collect trash and garbage from areas where a truck would not have access. The working hours were from 8 to 4:30 each working day. The drivers were required to bring their vehicles to the shop each day at about 12 noon. Their lunch break was from 12 until 12:30. While a room in the shop was provided for this purpose, the employees were free to go anywhere and do what they pleased during the lunch break. At 12:30 a signal was sounded to advise the employees that it was time to return to work.

On the day of the injury, September 3, 1976, shortly before noon, Walker drove his vehicle to a location a short distance from the shop and parked it off the street. He crossed the road and railroad tracks to purchase chicken at a quick-food establishment. While he was waiting for the order to be filled, a train stopped between him and his scooter. Walker waited for the train to move from about 12 noon until 12:10 or 12:20. He did not eat his lunch, but was intending to go back to his scooter, drive the remainder of the distance to the shop, and eat his lunch at the shop. At about 12:20, Walker became impatient and attempted to climb between two cars. As he did, the train started and Walker caught his foot in the coupling between the cars. His foot was crushed, resulting in serious injury.

The employer, the City of Hapeville, made a report to the workmen's insurance carrier that Walker had been injured on the job. As a result, the carrier filed a standard compensation agreement form executed by the employer, insurer and the employee with the State Board of Workmen's Compensation. Thereafter, on November 13, 1976, the insurer became aware that the injury apparently occurred during the time provided as Walker's lunch break. The insurer on that date telephonically notified personnel at the State Board of Workmen's Compensation that it (the insurer) wished to withdraw the agreement in that it had been entered into by the insurer through mistake of fact. On the same date, a letter was prepared by the insurer and forwarded to the board, verifying this request for withdrawal. The insurer was advised by personnel at the board that, inasmuch as the agreement had already been received, employees of the

board could not vacate the agreement. The insurer was led to believe that the board would tentatively approve the agreement and the insurer could request a hearing on the issue of a mistake in the formulation of the agreement. This course of action was followed by the insurer. Four days later, on November 17, 1976, the board formally but tentatively approved the agreement. The board then, pursuant to the timely request for a hearing on mistake, referred the matter to an administrative law judge for findings of fact. The administrative law judge found a valid mistake of fact. Based thereon, the board vacated its approval of the agreement. Upon a full hearing as to the merits of the claim, the administrative law judge found that the injury occurred because of Walker's employment, and awarded compensation. The full board adopted all the findings of the administrative law judge except that the board found that Walker was not engaged in his employer's business of collecting refuse at the time of his injury, and denied compensation. The superior court affirmed the award of the full board denying compensation. Walker then brought this appeal. *Held:*

1. We will first consider the vacation of the agreement by the board. There appear to be two distinct lines of authority governing the change or vacation of an agreement approved by the board, which we view to be compatible. The first, relied upon by Walker, deals with those agreements without facially apparent errors or mistakes, that have been approved by the board without qualification or limitation. In such cases, it has been held that the State Board of Workmen's Compensation is without authority to vacate its original but final order approving the standard form agreement as to compensation. After approval, the board may not vacate, set aside, or modify a prior final award in the absence of a change of condition. See *Cotton States Ins. Co. v. Bates,* 140 Ga. App. 428 (231 SE2d 445) (1976) and cits.

The second line of authority deals with provisional or conditional approval, where the board reserves to itself the right to review and correct the agreement should it be shown that error was committed. Where the approval is conditional, as it was in this case, it has been held that, where a party at interest has availed itself in a timely

fashion of the invitation to be heard, the board has jurisdiction to review and revise its award. *Handley v. Travelers Ins. Co.,* 131 Ga. App. 797, 798 (1) (207 SE2d 218) (1974). See also *Liberty Mut. Ins. Co. v. Morgan,* 199 Ga. 179, 182 (33 SE2d 336) (1945); *Lumbermen's Mut. Cas. Co. v. Lattimore,* 165 Ga. 501 (141 SE 195) (1928); *Kay v. Maryland Cas. Co.,* 135 Ga. App. 108 (2) (217 SE2d 413) (1975).

We recognize that the State Board of Workmen's Compensation is an administrative body and that it possesses only the jurisdiction, power, and authority granted to it by the General Assembly. *Robinson v. Zurich Ins. Co.,* 131 Ga. App. 795, 796 (207 SE2d 209) (1974). Nevertheless, we are satisfied that, within the purview of the 1975 amendment to Code § 114-708 (Ga. L. 1963, pp. 141, 156; 1975, pp. 198, 208) — this award not being a final award but a provisional one only — the board retained jurisdiction to correct the error called to its attention prior to its conditional approval. In pertinent part, that Code section provides that — within the time limit provided (30 days) for review of an award based upon an approved agreement (which has the same effect as an award based upon a hearing on the merits (*Ga. Marine Salvage Co. v. Merritt,* 82 Ga. App. 111 (1, a) (60 SE2d 419) (1950)), or even in the absence of an application for review or appeal — the full board has the authority to reconsider, amend or revise an award to correct apparent errors and omissions. In this case, the full board was aware of a dispute prior to its conditional approval of the agreement, and had before it a record of that dispute. We believe this is tantamount to the apparent error or omission contemplated by the Code section. This is not a case where, after final approval by the board, and based upon a record that does not reflect any error or omission, the board is asked to reconsider its final approval without going through the mechanics of showing a change in condition and a hearing on the merits of such a contention. Under the circumstances of this case, the board had the authority to withdraw its conditional approval of the agreement based upon its awareness of an apparent error in the insurer's understanding of Walker's status at the time of his injury.

2. Walker's second basic contention is that the

evidence showed he was engaged in his employer's business at the time of his injury, and, therefore, that the injury was compensable. As previously noted, Walker's duties required him to collect refuse. He was also required to bring his scooter back to the shop at 12:00 noon each day. The appellant does not contend that he was carrying out his employer's duties when he went to buy his lunch, but does contend that, when he started back to the scooter to return it to the shop, he was once again about his master's business.

We disagree. The supervisor of the shop testified that the employees had no authority to park the vehicles on the street. The accepted practice was to park the vehicles in the shop grounds. The employees could then eat in the room provided or go to whatever location they desired during the allocated time. When the appellant left the scooter parked off the street to go get his lunch, he departed his master's business in preparation for his own lunch. He did not, nor could he, resume his master's business until he once again began driving the vehicle toward the shop. The appellant's injury occurred before he had returned to his vehicle, thus while he was still on his personal business. The facts of this case bring it under the classic "lunch break" rule, which holds that an injury which occurs while the claimant is upon an individual undertaking is not compensable. See *Ocean Acc. &c. Corp. v. Farr,* 180 Ga. 266, 271 (178 SE 728) (1935); *Wilkie v. Travelers Ins. Co.,* 124 Ga. App. 714 (185 SE2d 783) (1971); *Gay v. Aetna Cas. &c. Co.,* 72 Ga. App. 122 (33 SE2d 109) (1945); *Aetna Cas. &c. Co. v. Honea,* 71 Ga. App. 569 (31 SE2d 421) (1944). See also *Edwards v. Liberty Mut. Ins. Co.,* 130 Ga. App. 23 (202 SE2d 208) (1973).

A finding of fact by the State Board of Workmen's Compensation, when supported by any evidence, is binding and conclusive upon this court. We do not have any authority to set aside an award based on those findings of fact merely because we might disagree therewith (which, in this case we do not). *Turner v. Baggett Transp. Co.,* 128 Ga. App. 801, 804 (3) (198 SE2d 412) (1974). Moreover, on appeal from an award of the State Board of Workmen's Compensation, the evidence

will be construed in a light most favorable to the party prevailing before the board. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180) (1951). See generally *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65) (1976). In this case, the evidence supports the award of the full board as affirmed by the superior court.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED MARCH 2, 1977 — DECIDED APRIL 15, 1977 — REHEARING DENIED APRIL 28, 1977 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Jack K. Bohler,* for appellant.
*Swift, Currie, McGhee & Hiers, George L. Pope, Jr.,* for appellees.