### 56411. HANOVER INSURANCE COMPANY v. JONES et al.
### 56413. JONES v. GRANITE STATE INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court reversing an award of the State Board of Workers' Compensation.

On March 28, 1974, the State Board of Workers'

Compensation awarded benefits to Annie Jones and her minor children due them as a result of the death of Sam Jones, on March 5, 1974, which arose out of and in the course of his employment. The agreement was executed by Pearson Mills, Inc. as the employer. Payments were made pursuant to this agreement until Pearson Mills ceased to do business.

On August 24, 1973, which was prior to the time the agreement to pay compensation was approved by the board, Pearson Mills, Inc. ceased to exist as a corporate entity because it was merged with Rivers Industries, Inc. Rivers Industries, Inc. became responsible for the obligations of Pearson Mills, Inc. on that date.

Annie Jones filed for a hearing before the State Board of Workers' Compensation to determine whether the workers' compensation insurance carriers of Rivers Industries, Inc. were either jointly or individually liable for the payment of the compensation provided for in the approved agreement between Pearson Mills, Inc. and Annie Jones.

Subsequent to a hearing the board made findings of fact and conclusions of law that at the time of his death Sam Jones was an employee of Rivers Industries, Inc. because on the date of his death Pearson Mills, Inc. had merged with Rivers Industries, Inc.; that on the date of Sam Jones' accident Rivers Industries, Inc. had valid workers' compensation insurance policies with the Travelers Insurance Company and Granite State Insurance Company; that subsequent to the merger Rivers Industries, Inc. became obligated to promote workers' compensation insurance for the employees of Pearson Mills, Inc.; that Rivers Industries, Inc. was liable for the compensable injury suffered by Sam Jones, an employee of Pearson Mills; that Pearson Mills, Inc. ceased to be a self-insurer on the date its corporate existence expired.

This holding by the board had the effect of releasing Hanover Insurance Company from liability on a bond which it had posted for Pearson Mills, Inc. when it was a self-insurer.

The board then issued an award which directed Rivers Industries, Inc. and its insurers, the Travelers

Insurance Company and Granite State Insurance Company to pay Annie Jones the compensation due as a result of her husband Sam Jones' death.

The award was appealed to the superior court where it was reversed. *Held:*

1. When the original agreement between Annie Jones and Pearson Mills, Inc. was approved by the State Board of Workers' Compensation it became a final award of the board. *Wiley v. Bituminous Cas. Co.,* 76 Ga. App. 862, 863 (3) (47 SE2d 652). The award not having been appealed it is res judicata as to the issues therein determined. "The board is an administrative body, having no jurisdiction beyond that granted to it by the provisions of the Workmen's Compensation Act. It has heretofore been held that the jurisdiction granted under the act does not extend to the board power to vacate or set aside such an order, or to modify it in the absence of a 'change of condition.' *Teems v. American Mut. Liab. Ins. Co.,* 41 Ga. App. 100 (1) (151 SE 826); *Simpson v. Liberty Mut. Ins. Co.,* 99 Ga. App. 629 (2) (109 SE2d 876); *Liberty Mut. Ins. Co. v. Simpson,* 101 Ga. App. 480 (3) (114 SE2d 141); *National Union Ins. Co. v. Mills,* 99 Ga. App. 697 (109 SE2d 830); *Arnold v. Indemnity Ins. Co.,* 94 Ga. App. 493 (3) (95 SE2d 29); *Dempsey v. Chevrolet Division,* 102 Ga. App. 408 (116 SE2d 509); *U. S. Cas. Co. v. Smith,* 34 Ga. App. 363 (1) (129 SE 880); *Gravitt v. Georgia Cas. Co.,* 158 Ga. 613 (1) (123 SE 897); *Liberty Mut. Ins. Co. v. Morgan,* 199 Ga. 179, 181 (33 SE2d 336). Cf. *Hasty v. Carter,* 105 Ga. App. 139 (1), 141 (123 SE2d 563). . .

"Much merit can be found in the position that the board ought to have such continuing jurisdiction. Some discussion of the matter may be found in *Complete Auto Transit v. Davis,* 106 Ga. App. 369, supra. It would seem that the vacation of an order of approval for the purpose of allowing correction of an error induced by fraud, accident or mistake at the board level would involve less trouble and expense to all concerned than an attack in a court of equity. However, in view of the prior determinations of this court and the Supreme Court, of the narrow statutory jurisdiction of the board, and in view of the absence of any affirmative provision for such a continuance of jurisdiction to be found in the act, we must conclude that

such is a matter that addresses itself to the General Assembly if it is to be accomplished. It might be done by a simple amendment of Code § 114-715. As we have indicated, if fraud, accident or mistake exists in connection with the agreement or in the securing of an order of approval thereof, the aggrieved party is not without remedy. He may, under the established rules for attacking and setting aside a judgment, obtain his relief in a court of equity." *St. Paul Fire &c. Ins. Co. v. Bridges*, 106 Ga. App. 621, 622 (127 SE2d 699).

From that which is quoted from the *Bridges* case it is clear that the State Board of Workers' Compensation has no continuing jurisdiction over its awards except to determine a change in condition. Therefore, in the case sub judice, the board did not have the authority to alter or modify the original award dated March 28, 1974. Thus, the award which is the subject of this appeal is void.

As was stated in the *Bridges* case, the proper remedy in this type case is in a court of equity and not before the State Board of Workers' Compensation.

2. The judgment of the superior court holding that the State Board of Workers' Compensation acted in excess of its powers when it issued an award which altered the award of March 28, 1977 is affirmed. However, that portion of the judgment of the superior court which dealt with the Hanover Insurance Company bond which it had posted for Pearson Mills, Inc. is void because the superior court only has authority to affirm, reverse or remand an award of the State Board of Workers' Compensation.

*Judgment affirmed in part and reversed in part. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED NOVEMBER 28, 1978 —

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellant (Case No. 56411).

*Neely, Neely & Player, Andrew J. Hamilton, Savell, Williams, Cox & Angel, John M. Williams, Raymond P. Carpenter, Michael Jablonski,* for appellees (Case No. 56411).

*Raymond P. Carpenter,* for appellant (Case No.

56413).

*John M. Williams, Andrew J. Hamilton, H. A. Stephens, Michael Jablonski,* for appellees (Case No. 56413).