## 61726. DENTON et al. v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

McMURRAY, Presiding Judge.

This is a workers' compensation case. The claimant was injured by accident arising out of and in the course of his employment and was paid compensation benefits pursuant to various agreements and board awards, including a $10,000 advance.

Thereafter, on February 20, 1980, a stipulation and agreement was entered into by and between the claimant and the employer/insurer wherein a settlement was agreed to "among themselves which gives due regard to the weight of the conflicting evidence available and related to the disputed facts, . . . the parties having taken into consideration all questions of liability, disability, compensation, and medical expense." The parties then agreed to forever and irrevocably settle any and all claims and disputes resulting in a total settlement amount of $30,000 with credit there against to be allowed for the $10,000 advanced, the employer/insurer to pay also any medical, prescription, hospital or other medical expenses already properly incurred through authorized treatment prior to the date of this agreement as yet unpaid, if any, and continuing such obligation through the date payment is actually made by insurer, the $20,000 remaining to be in a net amount, and after said date of posting payment (the $20,000 net amount), the employer/insurer's obligation for any such related medical expense, if any, would cease. The agreement further stated that the award of the State Board of Workers' Compensation approving this stipulation shall constitute a complete and final disposition of any and all claims arising out of the injury and accident in question. The Workers' Compensation Board shall not be authorized to amend, modify or change in any manner the settlement "but may retain such

jurisdiction as may be required to enforce the terms hereof." All parties then asked that the board approve the stipulation and agreement and requested an award approving the same. The stipulation and agreement was then received by the board on February 22, 1980, and was approved, awarding 25% attorney fees ($7,500) directing the employer/insurer to pay the claimant $12,500 and to make any other payments as provided in the final settlement. Notice of this award was dated March 17, 1980.

However, on April 9, 1980 (received April 10, 1980), the board received a communication from the employer/insurer that the claimant died on March 15, 1980, as a result of a shotgun wound and his death was not related to his claim and the employer/insurer's consent to the agreement in said case was revoked by letter to the board dated March 20, 1980 (we do not find the revocation letter in the file). The board, however, in a corrected award dated April 1, 1980, acknowledged that the claimant had died March 15, 1980, but added that on or before March 14, 1980, the board had approved "the within stipulated settlement submitted by the parties and had delivered instructions to a clerk for preparation and issuance of an award which, due to the press of business, was not typed and placed in the mails until March 17, 1980," and in view of these facts "the original award dated March 17, 1980, is amended to reflect that the within stipulated agreement ... was approved on or before March 14, 1980," and directing the employer/insurer to pay the legal representative of the deceased claimant the $12,500 and the attorney for the deceased claimant $7,500, and to make any other payments as provided in the final settlement.

The employer/insurer appealed from this award to the superior court. The superior court, after reviewing the entire record and consideration of argument and briefs of counsel setting forth, in general, the above facts, determined that the stipulation and agreement in question was entered into by the parties pursuant to Code Ann. § 114-106 (Ga. L. 1963, pp. 141, 142; 1975, pp. 190, 192), and that written awards "are an integral part" of the workers' compensation law and procedure, citing Code Ann. §§ 114-707 and 114-708, as amended (Ga. L. 1963, pp. 141, 156; 1975, pp. 198, 207, 208; 1978, pp. 2220, 2229). It held the April 1, 1980, amended award as void in attempting to amend the void March 17, 1980, award; and the attempt to substitute an entirely different payee in no way satisfied the requirement that an approval had been entered prior to claimant's death in order to make the stipulation and agreement effective; hence these awards "were nugatory, there being no agreement in legal existence on March 17, 1980, which could have been approved by the Board ..." The estate of the deceased claimant

appeals. *Held:*

The corrected award here reflected that although it was dated April 1, 1980, after the death of the claimant, the board had on or before March 14, 1980, approved the stipulation but same was not typed, filed, or placed in the mail until March 17, 1980.

Under the provisions of Code Ann. § 114-106, supra, when it appears to the board that there is a bona fide dispute as to the facts, the determination of which would materially affect the rights of the employee or as to the applicability of workers' compensation law and it further appears that the parties have agreed upon a settlement between themselves, which gives due regard and weight to the conflicting evidence, then upon such determination the board shall take two actions. *First,* the board shall approve such settlement "so long as the amount of compensation and the time and manner of payment are in accordance with the provisions of this Title." *Secondly,* the board shall enter an award conforming to the terms of such settlement. The entry of the award is a ministerial act providing a permanent record of the board's decision and a medium for conveying that decision to the parties. However, it is the board's agreement and approval of the settlement which is the active agent which renders the settlement binding. It is the board's agreement and approval rather than the ministerial preparation and issuance (accomplished by a clerk of the board) of the award which constitutes "a complete and final disposition of all claims."

In most cases the bureaucratic delay between the action of the board in approving the agreement and the performance of the ministerial function of entering the award is of no significance. The case sub judice is unusual in that the delay between the board's action on or before March 14, 1980, in approving the settlement and the preparation and issuance of an award by a clerk of the board on March 17, 1980, becomes crucial due to the intervening death of the claimant and attempted disavowal of the agreement by the insurer.

The document captioned "Corrected Award," dated April 1, 1980, does not constitute any amendment of the award of March 17, 1980. It only provides the additional information which reflects an approval of the board made on or before March 14, 1980. The record shows that on or before March 14, 1980, the board members by initialing a vote sheet indicated their approval of the agreement. The delay in the performance of ministerial function by a clerk of the board is inconsequential as under the language of Code Ann. § 114-106, supra, a settlement agreement becomes binding on the date of that approval. Nor may the parties to the agreement alter the terms of the statute so as to provide for an effective date of an approved agreement where such intent conflicts with the clear terms

of the statute.

We find no authority in law under the workers' compensation statutes or case law which would authorize the superior court to vacate and set aside the corrected award as being null and void and of no effect whatsoever, inasmuch as the award reflects that the stipulation and agreement settling this case had been approved prior to the claimant's death on March 15, 1980. The board had full authority to correct its award to speak the truth that it had approved the stipulation and agreement on or before March 14, 1980, which was prior to the death of the claimant. Under Code Ann. § 114-708, supra, the board may correct the award as to apparent errors or omissions "within the time limit provided" in which to appeal the board's order. See Code Ann. § 114-710 (Ga. L. 1979, pp. 619, 622). The superior court was without authority of law to vacate and set aside the award in the case sub judice.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED MAY 15, 1981 —
REHEARING DENIED JUNE 18, 1981.

E. *Lamar Gammage, Jr.,* for appellants.
*James T. Fordham,* for appellees.