### 64719. RUSSELL v. FAST FRAMERS, INC. et al.

DEEN, Presiding Judge.

Russell was injured at work and filed for workers' compensation. His employer was notified of the hearing but failed to appear. On July 30, 1980, the administrative law judge made an award and found that the employer was not insured. Two months later, the claimant's attorney obtained a judgment based upon the award, but discovered that Fast Framers was no longer in business and that no one associated with the firm could be located. He also learned that Fast Framers had insurance at the time of the injury and that the finding of no coverage was based upon an administrative mistake. Russell filed for a "change of condition" hearing, but the ALJ held that the finding of no insurance was res judicata and that the superior court was the proper forum for the relief sought by the petitioner. On appeal, the full board found that regardless of the res judicata effect of the ALJ's finding of no coverage, the insured is obligated to pay benefits under §§ 114-606 and 114-607. (These sections pertain to the mandatory content of workers' compensation insurance policies and require the policy to contain language to the effect that knowledge of the injury by the employer is notice to the insurer and an award against the employer is an award against the company.) The superior court reversed the full board, holding that it was without jurisdiction to modify or alter the award of July 30, 1980, and that the full board had subsequently adopted that award. *Held:*

We agree that the full board lacked jurisdiction to modify or

alter the award. Code § 114-710 provides that an award is ". . . conclusive and binding as to all questions of fact; but either party to the dispute may, within 30 days from the date of any such final award . . . appeal from the decision . . ." The board has no jurisdiction beyond that granted by the Workers' Compensation Act, which does not grant the board the power to vacate, set aside, or modify its awards except where there is a "change of condition." *Hanover Ins. Co. v. Jones,* 148 Ga. App. 236 (251 SE2d 60) (1978). The discovery that the board's finding of no insurance is erroneous does not constitute a "change of condition" within the meaning of Code Ann. § 114-709. That code section defines "change of condition" as (1) "a change in the wage-earning capacity, physical condition, or status of an employee or other beneficiary . . . and (2) which change occurred after the date of the wage-earning capacity, physical condition, or status of the employee or other beneficiary was last established by award or otherwise."

Code Ann. § 114-707 (f) (now OCGA § 34-9-102 (f)) provides: "The administrative law judge may reconsider the official decision prior to its becoming final, to correct apparent errors or omiss ɪns. The compensation award shall be final unless an appeal is filed ʲn accordance with provisions of Code section 114-708 [now OCGA § 34-9-103]." See *Argonaut Ins. Co. v. Hamilton,* 146 Ga. App. 195 (245 SE2d 882) (1978). Relief from the initial award in which the erᵐnloyer was apparently erroneously found to be uninsured may be ₁    perly sought in a court of equity pursuant to Code Ann. § 81A-160 (e) (now OCGA § 9-11-60 (e)). *Wills v. St. Paul Fire &c. Co.,* 143 Ga. App. 562 (1) (239 SE2d 219) (1977); *Jeffares v. Travelers Ins. Co.,* 138 Ga. App. 903 (228 SE2d 1) (1976).

*Judgment affirmed. Sognier and Pope, JJ., concɪ_r.*

DECIDED DECEMBER 3, 1982 —
REHEARING DENIED DECEMBER 15, 1982 —

*T. Dorsey Yawn,* for appellant.
*Robert R. Potter,* for appellees.