72169. AETNA CASUALTY & SURETY COMPANY
et al. v. BARDEN.
(346 SE2d 588)

CARLEY, Judge.

Appellee is a workers' compensation claimant. Appellants are the insurer and the employer. The administrative law judge (ALJ) issued an award on November 28, 1984, which was favorable to appellee. Appellants timely sought review by the Full Board. On May 7, 1985, the Full Board issued its award. No timely appeal to the superior court was ever taken from this award. However, on May 17, 1985, within the 30-day period during which such an appeal might have been taken, appellee's attorney wrote to the Full Board and requested that the award be amended. On June 26, 1985, after the 30-day period following issuance of the original award had expired, the Full Board issued an "amended award."

Appellants did appeal to the superior court from this "amended award." The contention was that, pursuant to OCGA § 34-9-105 (b), the Full Board has jurisdiction to amend an award only during the 30-day period following issuance of the original award, which period had expired prior to June 26, 1985. During the pendency of the appeal in the superior court, appellee sought and secured yet another "amended award" from the Full Board. In this "amended award," the Full Board stated that its "actual decision" to amend the original award had been reached on May 20, 1985, although the "amended award" which was dated June 26, 1985 and which reflected that decision had itself not been "physically prepared and mailed within 30 days of the [original] award dated May 7, 1985. . . ." After the superior court was apprised of this latest "amended award," the "amended award" of June 26, 1985 was affirmed.

Appellants applied to this court for a discretionary appeal from the superior court's order. The application was granted and the instant appeal results.

1. The applicable statutory provision regarding administrative ju-

risdiction to amend a workers' compensation award is OCGA § 34-9-103 (b): "Within the [30-day] time limit provided [for making application] for review by all of the members of an award made [by an ALJ] or within the [30-day] time limit . . . for appeal to a superior court, upon or without the suggestion of a party to the proceedings and notwithstanding the filing of an application for review or appeal, the [F]ull [B]oard or any of its members or [an ALJ] issuing an award shall have authority to reconsider, amend, or revise the award to correct apparent errors and omissions. Should an amended or revised award be issued, the [30-day] time period for filing an application for [Full Board] review of the amended or revised award . . . or for filing appeal to a superior court . . . shall commence upon the date of issuance of the amended or revised award." We perceive the proper statutory construction of OCGA § 34-9-103 (b) to be the following: Within the 30 days subsequent to the date that an ALJ issues an award, he has "authority to reconsider, amend, or revise" that award for the limited purpose of correcting "apparent errors and omissions." This authority exists notwithstanding the fact that either an application for Full Board review or an appeal to a superior court may already have been filed as to the original award during the same 30-day period. This authority may be exercised by the ALJ acting on his own motion or at the "suggestion" of one of the parties. In the exercise of this authority, should the ALJ issue an amended or revised award, a new 30-day time period for applying for Full Board review or for an appeal to a superior court as to that amended or revised award will commence on the date of its issuance. This same analysis would also apply in the context of an award issued by the Full Board. Notwithstanding the possibility of an appeal therefrom to a superior court, the Full Board would retain the same limited 30-day "authority" over its award, which it may exercise in the same fashion as an ALJ, and with the same result. In short, OCGA § 34-9-103 (b) grants to both the ALJ and the Full Board a limited 30-day "authority" over workers' compensation awards, which "authority" is in the nature of a limited "continuing jurisdiction."

In the instant case, appellee "suggested" that the Full Board exercise its authority under OCGA § 34-9-103 (b). Pursuant to that authority, the Full Board may have "reconsidered" its original award during the applicable 30-day period. It did not, however, issue its "amended award" during that 30-day period. The statute plainly states that "*within* the [30-day] time limit" the Full Board has certain limited authority to "reconsider, amend, *or* revise" its original award. (Emphasis supplied.) The word "within" means "during" and "not later than." See *Wall v. Youmans*, 223 Ga. 191, 192 (154 SE2d 191) (1967). "[T]he word 'or' is usually a disjunctive conjunction, indicating an alternative between . . . different things. . . ." *Whitaker*

*v. State*, 11 Ga. App. 208, 211 (5) (75 SE 258) (1912). Thus, under OCGA § 34-9-103 (b), the Full Board, "during" but "not later than" the 30-day period, has the following "authority": It can enter into a "reconsideration" of its original award, and if an apparent error or omission is found, the Full Board then can either "amend" or "revise" the original award as may be necessary. See generally *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428 (231 SE2d 445) (1976). The Full Board cannot, however, "reconsider" the original award during the entire 30-day period and then subsequently amend or revise that award. The original award must be amended or revised "within" the applicable 30-day period. "The board has no jurisdiction beyond that granted by the Workers' Compensation Act. . . ." *Russell v. Fast Framers, Inc.*, 164 Ga. App. 771, 772 (298 SE2d 303) (1982).

2. Relying on *Denton v. U. S. F. & G. Co.*, 158 Ga. App. 849 (282 SE2d 350) (1981), appellee urges that, notwithstanding issuance of the amended award on June 26, 1985, the original award was "amended" on May 20, 1985. The contention is that, under the holding in *Denton*, the Full Board's act of issuing the amended award was merely a "ministerial function" and that it is the date the vote was taken by the Full Board that is determinative.

The *Denton* case involved a settlement agreement. The applicable statutory provision regarding workers' compensation settlement agreements is OCGA § 34-9-15. That statute provides, in relevant part, as follows: "[T]he board shall approve the settlement and *enter an award conforming to the terms thereof . . . When such settlement has been agreed upon and approved by the board*, it shall constitute a complete and final disposition of all claims. . . ." (Emphasis supplied.) As OCGA § 34-9-15 was construed in *Denton*, supra at 851, it is the Full Board's initial act of agreeing upon and approving an existing settlement that "is the active agent which renders the settlement binding" and the subsequent act of preparing and issuing the conforming award is a mere "ministerial function."

The instant case does not involve a settlement. At issue is an award issued by the Full Board after conducting its own de novo review. OCGA § 34-9-103 (b) is the applicable statute and it provides that the Full Board has certain authority to amend its own award, which it can exercise "within the time limit provided by Code Section 34-9-105 for appeal to a superior court." OCGA § 34-9-105 (b) specifies that "[e]ither party to the dispute may, *within 30 days from the date of any such final award, . . . but not thereafter*, appeal from the decision in such final award . . . to the superior court. . . ." (Emphasis supplied.) The date when this 30-day period in OCGA § 34-9-105 (b) commences is not the date of the Full Board's vote but the date that the award is issued by the Full Board. See *Smith v. Fireman's Fund Ins. Co.*, 141 Ga. App. 578 (1) (234 SE2d 156) (1977). It is this

30-day period established by OCGA § 34-9-105 (b) that is incorporated into the provisions of OCGA § 34-9-103 (b). Thus, as was recognized in *Denton*, supra at 852, "[u]nder [OCGA § 34-9-103 (b)], the board may correct the award as to apparent errors or omissions 'within the time limit provided' in which to appeal the board's order." The original award confirming the settlement agreement in *Denton* was issued on March 17, 1980, and the "Corrected Award" was itself issued April 1, 1980, well "within" the 30-day time limit during which the original award could have been appealed to the superior court. The original de novo award of the Full Board in the instant case was issued on May 7, 1985. The amended award was then issued on June 26, 1985, not "within" the applicable 30-day time limit. The Full Board had no "authority" under OCGA § 34-9-103 (b) to issue the "amended award" at that time and the superior court erred in affirming that award. The original order of May 7, 1985, which was not appealed to the superior court and was neither revised nor amended by the Full Board within 30 days of its issuance, is the final order in the instant case.

*Judgment reversed. McMurray, P. J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I reluctantly agree with the holding of the majority opinion that any reconsideration, amendment or revision of an award must be accomplished no later than 30 days from the entry of such award. Clearly, the board has no jurisdiction beyond that granted by the Workers' Compensation Act, and "has no continuing jurisdiction over its awards except to determine a change in condition." *Hanover Ins. Co. v. Jones*, 148 Ga. App. 236, 239 (251 SE2d 60) (1978). Cf. *Walker v. Continental Ins. Co.*, 142 Ga. App. 115 (1) (235 SE2d 389) (1977). Although OCGA § 34-9-103 (b) gives the board authority to amend its awards to correct obvious errors, "[i]t is clear that the intent of this [statute is] to allow the board to correct mistakes in an award which [appear] in the record of the case . . . [but] not to open the case for a de novo hearing in regard to whether compensation is payable." *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428, 429 (231 SE2d 445) (1976). Nevertheless, in my view there is considerable merit in the position that the board ought to have such continuing jurisdiction. " 'It would seem that the vacation of an [award] for the purpose of allowing correction of an error induced by fraud, accident or mistake at the board level would involve less trouble and expense to all concerned than an attack in a court of equity. However, in view of the prior determinations of this court and the Supreme Court, of the narrow statutory jurisdiction of the board, and in view of the absence of any affirmative provision for such a continuance of jurisdiction to be

found in the act, [I] must conclude that such is a matter that addresses itself to the General Assembly if it is to be accomplished . . . .' *St. Paul Fire &c. Ins. Co. v. Bridges,* 106 Ga. App. 621, 622 (127 SE2d 699) [(1962)]." *Hanover Ins. Co. v. Jones,* supra at 238-39.

DECIDED JUNE 20, 1986.

*William A. Erwin,* for appellants.
*Jim T. Bennett, Jr.,* for appellee.