## 39773. IN THE MATTER OF: INQUIRY CONCERNING A JUDGE NO. 591.

PER CURIAM.

Marion Ealy, Jr., while occupying the office of Justice of the Peace for the 531st Georgia Militia District, qualified as a candidate for the Democratic nomination for the office of State Senator of the 42nd senatorial district in the primary election held on August 10, 1982.

The matter having come to the attention of the Judicial Qualifications Commission, the Commission on June 30, 1982, directed a letter to Ealy calling to his attention the provisions of Canon 7A. (3) of the Code of Judicial Conduct (Code Ann. Title 24 Appen. A), which provides: "A judge should resign his office when he becomes a candidate either in a party primary or in a general election for a non-judicial office, except that he may continue to hold his judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention, if he is otherwise permitted by law to do so." Published at 231 Ga. A-13.

After notification, hearing was held, and the Commission found that Ealy had violated the provisions of Canon 7A. (3), and recommended that he be removed from office.

In opposition to the Report of the Commission as filed with this Court, Ealy relies upon the provisions of Art. III, Sec. V, Par. VII of the Constitution of Georgia of 1976 (Code Ann. § 2-1107), holding in part: "No person holding a military commission, or other appointment, or office, having any emolument, or compensation annexed thereto, under this State, the United States, or either of them except Justices of the Peace . . . shall have a seat in either house."

The power of removal of judges, including justices of the peace, is vested in this Court pursuant to Art. VI, Sec. XIII, Par. III (b) of the Constitution of Georgia of 1976 (Code Ann. § 2-4203), providing in part: "A justice or judge of any court of this State, in accordance with the procedure described in this Paragraph, may be removed or otherwise disciplined . . . for conduct prejudicial to the administration of justice which brings the judicial office into

disrepute; . . ."

By the adoption of Canon 7A. (3), the Court has resolved that a judge seeking a non-judicial office without resigning his judicial office thereby is guilty of conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Such a determination is an exercise of the express power relative to removal as contained in Art. VI, Sec. XIII, Par. III (Code Ann. § 2-4203), as well as within the inherent power of this Court by virtue of its creation by the Constitution, and, the delegation to it of Constitutional responsibilities. "Our powers are equal to our duties." *Miree v. United States,* 242 Ga. 126, 132 (249 SE2d 573) (1978). See also *Wallace v. Wallace,* 225 Ga. 102 (166 SE2d 718) (1969); *Sams v. Olah,* 225 Ga. 497 (169 SE2d 790) (1969); *Grimsley v. Twiggs County,* 249 Ga. 632, 633 (3) (292 SE2d 675) (1982); *Carpenter v. State,* 250 Ga. 177 (297 SE2d 16) (1982).

Thus, were it not for the constitutional exception relied upon by Ealy, it would be within the plain power of this Court to order his removal, as recommended by the Commission.

But the same Constitution which has assigned duties and vested powers, express and inherent, in this Court, has provided that justices of the peace, unlike other public officers, are not prohibited from serving in the General Assembly. And because none serve there without election, and none are elected without becoming a candidate either in a party primary or in a general election, we are impelled to the conclusion that Ealy, being constitutionally empowered to seek election to the General Assembly while serving as a Justice of the Peace, may not be disciplined for the exercise of that power.

Accordingly, the recommendation of the Judicial Qualifications Commission is rejected, and the respondent is discharged.

*All the Justices concur.*

DECIDED MARCH 17, 1983.

*Holcombe H. Perry, Jr.,* for Judicial Qualifications Commission.

Marion Ealy, Jr., *pro se.*