## 40778. JUDICIAL QUALIFICATIONS COMMISSION v. LOWENSTEIN et al.

WELTNER, Justice.

This suit challenges the constitutionality of campaign fund-raising restrictions of Canon 7B(2) (Code Ann. Title 24 Appendix A) of the Georgia Code of Judicial Conduct, as adopted by this Court in 1974.

Judge R. Keegan Federal, Jr. ran unsuccessfully for a seat on the Supreme Court of Georgia in 1982. After his defeat in the primary, Judge Federal's campaign committee was prohibited from further fund-raising by Canon 7B(2) (Code Ann. Title 24 Appendix A) of the Georgia Code of Judicial Conduct (1974), which provided: "A candidate's committees may solicit funds for his campaign no earlier

---

than six (6) months before a primary election and no later than the date of the last election in which he participates during the election year." This suit was filed by Judge Federal's committee and others to challenge the validity of Canon 7B(2) (Code Ann. Title 24 Appendix A).

The trial court granted the committee's motion for summary judgment, permanently restraining the enforcement of Canon 7B(2) (Code Ann. Title 24 Appendix A). Specifically, the trial court ruled that the Supreme Court of Georgia was without authority to promulgate Canon 7B(2) (Code Ann. Title 24 Appendix A) and that the canon violated both the First and Fourteenth Amendments to the Constitution of the United States (Code Ann. §§ 1-801 and 1-815 et seq.).

1. Art. VI, Sec. XIII, Par. III of the Constitution of Georgia of 1976 (Code Ann. § 2-4203) provides for the discipline, removal and involuntary retirement of judges, empowering the Supreme Court to "prescribe rules governing privilege, confidentiality and practice and procedure in all proceedings brought hereunder."[1] In addition to express powers, this Court has long recognized the inherent power of the judiciary. " '[W]hen the Constitution declares that the legislative, judicial and executive powers shall forever remain separate and distinct . . . it thereby invests those officials charged with the duty of administering justice . . . with all necessary authority to efficiently and completely discharge those duties. . . .' " *Wallace v. Wallace,* 225 Ga. 102, 111 (166 SE2d 718) (1969), citing *Lovett v. Sandersville R. Co.,* 199 Ga. 238 (33 SE2d 905) (1945). "Our powers are equal to our duties." *Miree v. United States,* 242 Ga. 126, 132 (249 SE2d 573) (1978). See *Grimsley v. Twiggs County,* 249 Ga. 632 (3) (292 SE2d 675) (1982); *In the Matter of: Inquiry Concerning a Judge No. 591,* 250 Ga. 796 (300 SE2d 807) (1983).

Courts have inherent authority to regulate the conduct of attorneys as officers of the court and to control and supervise the practice of law generally, in and out of court. *Wallace v. Wallace,* 225 Ga. at 109. "[R]egulation of the practice of law is the function of the judiciary." 225 Ga. at 112. It follows that this Court possesses the authority to regulate also the conduct of judges — including conduct during judicial elections. As stated in *Wallace,* "Power includes the authority to perform any function reasonably necessary to effectuate its jurisdiction, improve the administration of justice, and protect the

---

[1] This paragraph as amended in Art. VI, Sec. VII, Par. VII of the Constitution of Georgia of 1983 (Code Ann. § 2-3301) provides: "The Supreme Court shall adopt rules of implementation."

judiciary as an independent department of the government." 225 Ga. at 111. Accordingly, this Court has the authority to promulgate and enforce Canon 7B(2) of the Code of Judicial Conduct (1974) (Code Ann. Title 24 Appendix A).

2. We need not address the claims relative to the constitutionality of what is now *former* Canon 7B(2) (Code Ann. Title 24 Appendix A). Effective March 15, 1984, this Court changed the Code of Judicial Conduct in several particulars, including the deletion of the fund-raising restrictions in Canon 7B(2) (Code Ann. Title 24 Appendix A) which are the subject of attack. Thus, the constitutional questions raised in this suit are rendered moot. See *Moore v. Martin,* 232 Ga. 622 (208 SE2d 448) (1974).

3. The remaining question concerns funds held in escrow pending the outcome of this litigation. On October 29, 1982, the trial court authorized Judge Federal's campaign committee to solicit additional funds and to place such funds in escrow "pending the determination of the validity of Canon 7B(2) [Code Ann. Title 24 Appendix A]." Subsequent orders permitted the use of these funds by the committee conditioned on their repayment to contributors if ordered by the court.

A requirement that these funds be returned to the individual contributors — only to be solicited anew — appears as a useless act, exalting form over substance. We may safely assume that those already having contributed to Judge Federal's campaign fund would consent to their contributions now being used for the purposes originally intended. Accordingly, the funds are permanently released from escrow to the campaign committee.

*Judgment reversed. Hill, C. J., Marshall, P. J., Clarke, Smith, Weltner, Bell, JJ., and Judge A. Blenn Taylor, Jr. concur. Gregory, J., disqualified.*

DECIDED APRIL 6, 1984.

*Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General,* for appellant.

*Bondurant, Miller, Hishon & Stephenson, Jeffrey M. Smith, Thomas B. Metzloff,* for appellees.