76593. McGINTY et al. v. ALFRED L. SIMPSON & COMPANY
et al.
(374 SE2d 217)

POPE, Judge.

On April 30, 1985, the administrative law judge (ALJ) awarded claimant Ronald McGinty workers' compensation benefits to be paid by his employer Alfred L. Simpson & Company. The award approved the terms of the contract between the claimant and his attorney for fees amounting to one-third of the benefits awarded. However, the award declined to assess attorney fees against the employer because the ALJ found the employer had asserted a reasonable defense. The employer gave notice to the claimant's attorney that it had filed an appeal of the award to the full board on May 30, 1985. However, the board later issued an order finding no appeal had been timely filed and further stating that even if a timely appeal had been filed, the award would have been affirmed. The claimant then moved for assessment of a twenty percent penalty, pursuant to OCGA § 34-9-221 (f), for the employer's failure to pay the award within twenty days from the date of the award. The ALJ awarded a twenty percent penalty to the claimant and assessed attorney fees of one-third of the penalty against the employer. The employer appealed the penalty and the claimant cross-appealed, asking for greater attorney fees.

After a hearing on the appeal, the full board remanded the case to the ALJ to receive further evidence of the reasonable value of the services rendered by claimant's attorney. On remand, evidence was presented that claimant's attorney had expended approximately twenty-one hours, which he valued at $2,450, in pursuit of his client's claim from the date of the initial award through the employer's ap-

peal of the order granting a penalty. The full board then affirmed the award of a penalty. The board also granted attorney fees to be paid by the employer in the sum of $2,450. However, the board found that the services provided by the claimant's attorney both before and after the initial award of benefits were "related to the securing of a recovery on behalf of the claimant." The original award required attorney fees to be paid by the claimant. Because Board Rule 108 (b) (3) proscribes payment by the claimant of any attorney fees which are assessed against the employer, the board ordered the attorney to reimburse the claimant for all attorney fees collected pursuant to the original award. Claimant's attorney, signing the pleadings both in an individual capacity and as attorney for the claimant, appealed to the superior court that portion of the board's ruling which ordered reimbursement of attorney fees. The superior court upheld the board's order. Claimant's attorney filed this appeal, again in an individual capacity and as attorney for the claimant.[1]

The sole issue on appeal to the board was the authority of the ALJ to award a penalty and attorney fees for failure to pay the original award within twenty days. The terms of the original award of benefits and the accompanying order approving the attorney fees contract were not at issue. In fact, that award was final because it was not timely appealed. See OCGA § 34-9-102 (f). The original award of attorney fees is res judicata and cannot be modified in any subsequent proceeding between the same parties. *Caldwell v. Perry*, 179 Ga. App. 682 (1 & 2) (347 SE2d 286) (1986); see also *Georgia Cas. &c. Co. v. Randall*, 162 Ga. App. 532 (299 SE2d 118) (1982).

We note that the original award of attorney fees contains language which attempted to confer continuing jurisdiction over the award and stated the award was "subject to review and amendment at any time . . . ." However, "the State Board of Workers' Compensation has no continuing jurisdiction over its awards except to determine a change in condition." *Hanover Ins. Co. v. Jones*, 148 Ga. App. 236, 239 (251 SE2d 60) (1978). "The [board] is an administrative

---

[1] In essence, the award of the full board resulted in an additional recovery by the claimant due to the reimbursement of previously paid attorney fees from his attorney. Because the claimant's attorney in a workers' compensation claim is the beneficiary of the award of attorney fees, he becomes a "quasi-party" to the claim. Thus, the attorney has standing to appeal the award of attorney fees. However, in this case the interests of the attorney were clearly in conflict with those of his client. In such a situation, the attorney is required to disclose the conflict to his client in writing and to obtain the client's consent for continued representation. See Standard 30 of the Standards of Conduct of the State Bar of Georgia, 252 Ga. 571, 647-648. Pursuant to the rationale set forth in the body of this opinion, we find the Workers' Compensation Board had no authority to make the award from which the appeal is taken. Consequently, the conflict of interest which would otherwise be inherent in this case is removed and we need not remand for further proceedings to assure that the interests of the claimant have been appropriately protected.

body and it possesses only the jurisdiction, power, and authority granted to it by the legislature." *Robinson v. Zurich Ins. Co.*, 131 Ga. App. 795, 796 (207 SE2d 209) (1974). Only within the time period for appealing an award to the full board may the board or its members "reconsider, amend, or revise the award to correct apparent errors and omissions." OCGA § 34-9-103 (b). Accord *Aetna Cas. &c. Co. v. Barden*, 179 Ga. App. 442 (346 SE2d 588) (1986). Moreover, the purpose of the statute permitting amendment of an award within the period for seeking appellate review is only to permit correction of mistakes which appear in the record. *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428 (231 SE2d 445) (1976). "The intent of [OCGA § 34-9-103 (b) is] not to open the case for a de novo hearing . . . ." Id. at 429. Because the board had no authority to revise the original award of attorney fees, that portion of the full board award which revised the original award and ordered attorney fees to be reimbursed to the client is void. See *Hanover Ins. Co. v. Jones*, supra.

The board correctly upheld the ALJ's award of a twenty percent penalty for failure to pay the original award of benefits within twenty days.[2] The ALJ's award further directed the employer to pay attorney fees of one-third of the amount of the penalty. The full board, however, did not uphold the ALJ's decision on attorney fees but awarded $2,540 for all services rendered by the claimant's attorney in regard to this claim.[3] That portion of the award of the full board which affirmed the penalty is proper but, as stated above, that portion of the award which revised the original award and ordered the attorney to reimburse the claimant for attorney fees paid under the original order is void. Accordingly, we reverse the order of the superior court which

---

[2] At the time the original award was granted, the Workers' Compensation Act allowed a party thirty days to appeal an award to the board. OCGA § 34-9-103 (a) (later amended to allow twenty days to appeal by Ga. L. 1987, p. 806, § 2). Nevertheless, even if the employer had filed a timely appeal, after twenty days from the date of the award it would still have been subject to a penalty for failure to pay benefits within twenty days. See *McLean Trucking Co. v. Florence*, 179 Ga. App. 514 (347 SE2d 333) (1986).

[3] Even if the original award had been subject to revision, no evidence exists to support the board's finding that the services rendered before and after the initial award were the "same services" or were related to securing the same recovery for the claimant. The record shows the initial award had been paid by the employer before claimant's attorney moved for the imposition of a twenty percent penalty for untimely payment. The penalty is not part of the initial award of benefits and is not related in any way to compensation for the claimant's injuries. It is purely a penalty against the employer, imposed as an incentive for prompt payment of adjudicated awards. Moreover, on remand to the ALJ, all evidence presented concerning the value of the attorney's services was clearly identified as relating only to services rendered after the initial award and in pursuit of the claim for a penalty. Finally, the initial award of attorney fees found the employer was not liable for attorney fees expended in pursuit of the initial award of benefits because it had asserted a reasonable defense to the claim. To go back now and impose attorney fees against the employer for that portion of the attorney's services which were expended in pursuit of the original claim for benefits would be contrary to OCGA § 34-9-108 (b).

upheld that portion of the award and remand to the court for a determination of appropriate attorney fees to be paid by the employer for services rendered by claimant's attorney in pursuit of the claim for a penalty.

*Judgment reversed. Birdsong, C. J., Deen, P. J., Carley, Sognier, and Benham, JJ., concur. McMurray, P. J., Banke, P. J., and Beasley, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

We have a fundamental responsibility to supervise the practice of law in this court and to be sure that litigants are properly represented. See generally *Judicial Qualifications Comm. v. Lowenstein,* 252 Ga. 432, 433 (314 SE2d 107). In the case sub judice, the interests of the claimant and the claimant's attorney are adverse. Each of them has an interest in retaining the attorney fees which the board approved originally.

The attorney has appealed, arguing that he is entitled to retain the attorney fees. Who represents the claimant? His interests are not advanced by the attorney. And we have not heard from him.

I cannot see how this court can make a ruling which is adverse to the claimant's interests without being sure that the claimant has been given an opportunity to be heard. Accordingly, I respectfully dissent as I would remand this case for further proceedings to be sure that the interests of the claimant are properly protected.

I am authorized to state that Presiding Judge Banke joins in this dissent.

DECIDED OCTOBER 6, 1988.

*Ronald L. Hilley,* for appellants.
*John C. Parker,* for appellees.