## S91A1240. ZANT v. BRANTLEY.
### (411 SE2d 869)

BENHAM, Justice.

We agreed to hear Warden Zant's appeal from an order entered by the Superior Court of Burke County while entertaining appellee Brantley's motion for new trial.[1]

Brantley was convicted in the trial court of two counts of murder for which a sentence of death and a sentence of life imprisonment were imposed. While his motion for new trial was pending, appellee was transferred to the prison of which appellant is warden, the Georgia Diagnostic and Classification Center in Butts County. Thereafter, the Burke County court issued an ex parte order instructing the warden to allow a named physician to conduct an evaluation of appellee while a member of appellee's counsel team observed, and instructing the warden, his staff, and his attorney (the Attorney General's office) to refrain from discussing or disclosing the contents of the order to anyone other than the court or appellee's counsel. The trial court held a hearing in response to appellant's objection that the Burke County court had exceeded the scope of its jurisdiction when it issued the order, and then reissued its earlier order. This appeal followed.

1. As the superior court in which appellee's convictions were obtained, the trial court had the power and the jurisdiction to grant a new trial in the matter. OCGA §§ 15-5-1; 15-6-8; 15-6-9. The judge also had the authority "to exercise all other powers necessarily appertaining to [his] jurisdiction" (OCGA § 15-6-9 (8)), and the power "[t]o control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." OCGA § 15-1-3 (4).

> Jurisdiction refers to the types of cases the court can hear and decide. Power includes the authority to perform any function reasonably necessary to effectuate its jurisdiction, improve the administration of justice, and protect the judiciary as an independent department of the government. [*Wallace v. Wallace*, 225 Ga. 102, 111 (166 SE2d 718) (1969).]

The courts unquestionably have inherent powers since the state constitutional provision mandating the separation of powers of the three branches of government (Art. I, Sec. II, Par. III)

> invests those officials charged with the duty of administering justice according to law with all necessary authority to efficiently and completely discharge those duties the perform-

---

[1] The motion for new trial is still pending in the trial court.

ance of which is by the constitution committed to the judiciary, and to maintain the dignity and independence of the courts. [*Lovett v. Sandersville R. Co.*, 199 Ga. 238, 239 (33 SE2d 905) (1945).]

See also *Judicial Qual. Comm. v. Lowenstein*, 252 Ga. 432 (314 SE2d 107) (1984); *Wallace v. Wallace*, supra.

In ruling upon appellee's motion for new trial, the trial court was empowered with the authority necessary to discharge its duty efficiently and completely. That included the ability to order an expert evaluation of the defendant/movant incarcerated beyond the boundaries of the county in which the superior court sat.[2] By virtue of his custody of the defendant/movant, the warden was a person "connected with" the pending motion for new trial and was thus subject under OCGA § 15-1-3 (4) to the trial court's control of his conduct in the furtherance of justice. Thus, the trial court did not need personal jurisdiction of the warden, a non-party, to issue the order from which this appeal stems.

2. The trial court excluded the district attorney who was opposing appellant's motion for new trial from the hearing on the warden's jurisdictional objection to the trial court's order. The warden now maintains that the exclusion of the district attorney is contrary to the procedures established in *Brooks v. State*, 259 Ga. 562 (385 SE2d 81) (1989).

Pretermitting the issue of the warden's standing to object to the exclusion of the district attorney from the hearing, we hold that the exclusion was proper. In *Brooks*, we determined that an indigent defendant had a legitimate interest in making an application for funds for investigative or expert assistance ex parte so that an indigent defendant would not be put in a position of revealing his theory of the case to the prosecution. Where, as here, a defendant files a motion for new trial alleging ineffective assistance of trial counsel on the ground that trial counsel failed to obtain the assistance of necessary experts and failed to obtain competent assistance from those experts who were retained, it is similarly important that the defendant's theory of

---

[2] The legislature has seen fit to give superior courts authority to exercise powers that affect persons beyond the bounds of the superior court's county. See, e.g., OCGA § 24-10-60, which authorizes an order from the judge of a court in which a proceeding is pending to issue an order directed to the Board of Corrections requiring the delivery of a certain prisoner/witness to the county of the issuing court; OCGA § 17-7-190, which authorizes a court to subpoena all witnesses for the State before the grand jury, without limitation as to the residency of the witnesses; OCGA § 24-10-71, which permits a court to order reproduction of medical records for admission into court, regardless of the location of the keeper of the medical records; and OCGA § 24-10-130, which authorizes a trial court to order depositions and production of unprivileged material in criminal cases, regardless of the location of the deponent and the material.

his case not be revealed to the prosecution. Therefore, the prosecution, embodied in the District Attorney, was not entitled to be present at the hearing where the trial court's grant of the defendant's ex parte request was at issue.

3. Contrary to the warden's contention, OCGA § 17-10-62 et seq. is not applicable in this case because there has been no challenge to appellee's mental competency to be executed.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

DECIDED JANUARY 16, 1992.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, William F. Amideo, Assistant Attorney General,* for appellant.

*Clive A. Stafford-Smith, Richard E. Allen, Harry B. James III,* for appellee.