236 P.3d 1216

Patricia MOREHART and Colleen Duffy, Petitioners,

v.

The Honorable Janet E. BARTON, Judge of the Superior Court of The State of Arizona, in and for the County of Maricopa, Respondent Judge,

The State of Arizona and William Craig Miller, Real Parties in Interest.

No. 1 CA–SA 10–0126.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 12, 2010.

---

270

Crime Victims Legal Assistance Project By Douglas L. Irish and Keli B. Luther, Phoenix, Attorneys for Petitioners.

Richard M. Romley, Maricopa County Attorney By Juan Martinez, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest State of Arizona.

Law Office of David A. Powell PLC By David A. Powell, Chandler, Carmen L. Fischer, Attorney at Law By Carmen L. Fischer, Phoenix, Attorneys for Real Party in Interest William Craig Miller.

## OPINION

BROWN, Judge.

¶ 1 Patricia Morehart and Colleen Duffy ("Petitioners") challenge the trial court's order granting an ex parte hearing to William Craig Miller ("Defendant") for the purpose of addressing mitigation matters. We hold that Petitioners have the right to attend the hearing and we therefore accept jurisdiction and grant relief.

## BACKGROUND

¶ 2 Defendant was indicted on five counts of first-degree murder, and the State subsequently filed a notice of intent to seek the death penalty. Petitioners, who are family members of individuals whom Defendant allegedly murdered, are "victims" under Article 2, Section 2.1(C), of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") section 13–4401(19) (2010).

¶ 3 Defendant filed a motion for an ex parte hearing, asserting that because the "issue has to do with the defense investigation into mitigation matters ... the State has no standing to be present during the hearing." Petitioners objected on the grounds that (1) under the Victims' Bill of Rights, any ex parte hearing that excludes a victim is unconstitutional; and (2) a victim has a constitutional and statutory right to attend any criminal proceeding at which a defendant has the right to be present. Following the presentation of oral argument at the "final trial management conference," the court granted the motion and scheduled an "ex parte hearing re return of summons."

¶ 4 Petitioners then filed this petition for special action. After briefing, we accepted jurisdiction and issued an order vacating the trial court's decision granting Defendant's request for an ex parte hearing. We stated that a written decision would follow, which we provide here.

## JURISDICTION

¶ 5 We may accept special action jurisdiction when the case presents a pure

question of law for which there is no "equally plain, speedy, and adequate remedy by appeal[.]" *See* Ariz. R.P. Spec. Act. 1(a); *see also State ex rel. Pennartz v. Olcavage,* 200 Ariz. 582, 585, ¶ 8, 30 P.3d 649, 652 (App. 2001). Victims have standing to seek an order or bring a special action seeking to enforce any right or to challenge an order denying any right guaranteed to them under the Arizona Constitution, any implementing legislation, or court rules. A.R.S. § 13–4437(A) (2010); Ariz. R.P. Spec. Act. 2(a)(2). We accept jurisdiction of this special action because the right Petitioners assert, to be present at a hearing, would not be capable of protection if the matter were reviewed post-trial. *See Romley v. Schneider,* 202 Ariz. 362, 363, ¶ 5, 45 P.3d 685, 686 (App.2002).

## DISCUSSION

¶ 6 Petitioners argue that the trial court's decision to grant Defendant an ex parte hearing violates their constitutional and statutory right to "be present at . . . all criminal proceedings where the defendant has the right to be present." Ariz. Const. art. 2, § 2.1(A)(3); *see also* A.R.S. § 13–4420 (2010). Defendant counters that notwithstanding these provisions, ex parte hearings are permitted because they are expressly acknowledged in Arizona Rule of Criminal Procedure 15.9(b), which provides that "[n]o ex parte proceeding, communication, or request may be considered pursuant to this rule *unless* a proper showing is made concerning the need for confidentiality." (Emphasis added.) He argues that defense counsel has a duty to fully investigate all mitigating factors and confidentiality is required during the mitigation investigation in order to protect against premature revelation of strategies being explored by the defense. The trial court likewise rested its determination of the need for

an ex parte proceeding on the mitigation aspect of the request, stating:

> I am going to address this matter ex parte that deals with out-of-state summons that have been issued for the mitigation purposes. So, those types of things I believe it's proper to do ex parte, and I don't believe that I'm violating any victims' rights by doing so.
>
> . . .
>
> I'm just telling you that it's the Court's position that if it deals with mitigation issues, the discovery and the procurement of mitigation, that the Court can handle and should handle those ex parte, and that under Arizona law, the victims do not have the right to be present and receive copies of those pleadings.[1]

¶ 7 We disagree with the trial court's conclusion that under Arizona law issues relating to mitigation discovery and procurement are appropriately handled on an ex parte basis. Nor can we accept Defendant's suggestion that Rule 15.9(b) provides sound legal justification for conducting an ex parte hearing under such circumstances as a matter of course. The Arizona Constitution unquestionably gives victims the right to be present at "all criminal proceedings,"[2] and we are "required to follow and apply the plain language of the Victims' Bill of Rights in interpreting its scope." *State ex rel. Romley v. Superior Court,* 184 Ariz. 409, 411, 909 P.2d 476, 478 (App.1995) (citation omitted). Thus, even assuming that Defendant established a legitimate need for confidentiality in support of his request for an ex parte hearing under Rule 15.9(b), Petitioners have the right to be present at that hearing, just as they have the right to attend other proceedings in this case. Defendant has not cited, nor has our research revealed, any authority

1. Whether Petitioners have the right to receive copies of court filings related to mitigation matters is not an issue before us.

2. As provided in A.R.S. § 13–4401(7), a criminal proceeding is "any hearing, argument or other matter that is scheduled by and held before a trial court but does not include any deposition, lineup, grand jury proceeding or other matter that is not held in the presence of the court." Defendant argues that the return of summonses

is not the "type of proceeding" envisioned by Rule 15.9(b). He asserts that such a proceeding would involve "counsel and the court communicating," and suggests such "communication" is not necessary in an ex parte proceeding regarding the return of subpoenas or summonses. Defendant does not, however, explain what counsel and the court would be doing at such a hearing if not communicating in some way about the return of the summonses at issue.

suggesting that Rule 15.9(b) was intended to trump a victim's right to be present at "all criminal proceedings."

¶ 8 Our conclusion is consistent with *State v. Apelt*, 176 Ariz. 349, 861 P.2d 634 (1993). In that case, the defendant was convicted of first-degree murder and sentenced to death. Prior to trial, he moved for an ex parte hearing to present a request for expert assistance without "tipping his hand" to the prosecution. *Id.* at 364–65, 861 P.2d at 649–50. The trial court denied the request, noting there was no authority for such a hearing. *Id.* at 365, 861 P.2d at 650. Our supreme court affirmed, holding there is no constitutional right to ex parte proceedings and that the broad disclosure requirements of Arizona Rules of Criminal Procedure cut against such a conclusion.[3] *Id.* The court further concluded that the right to an ex parte proceeding is not one of the "basic tools" of an adequate defense. *Id.*

¶ 9 Defendant nonetheless contends there has been a "sea change" in criminal law since *Apelt* was decided, indicating that ex parte proceedings are appropriate when necessary to protect due process, effective assistance of counsel, the right against self-incrimination, equal protection, and the attorney-client privilege. In support, Defendant relies summarily on a number of cases from other jurisdictions. *See, e.g., Williams v. State*, 958 S.W.2d 186, 193–94 (Tex.Crim.App.1997) (holding that an indigent party is entitled to make a request for publicly-funded expert witness assistance ex parte); *Ex Parte Moody*, 684 So.2d 114, 120 (Ala.1996) (holding that indigent defendants are entitled to an ex parte hearing on whether expert assistance is necessary); *State v. Barnett*, 909 S.W.2d 423, 429 (Tenn.1995) (concluding that an ex parte hearing is required when defendant seeks appointment of psychiatric ex-

pert); *Zant v. Brantley*, 261 Ga. 817, 411 S.E.2d 869, 870 (1992) (recognizing that an indigent defendant has a legitimate interest in making an application for funds for expert assistance ex parte so as not to reveal his defense theory to the prosecution). None of the cases Defendant cites, however, are persuasive here as they do not involve the assertion of a victim's right to be present under the Arizona Constitution.

¶ 10 Defendant further contends that allowing Petitioners to be present at the hearing on mitigation matters will deny him his Sixth Amendment right to effective assistance of counsel because it "will chill defense counsel's efforts to fully investigate mitigation" and "could lead the defense to abandon avenues of potential mitigation" in order to avoid putting "the [S]tate or Petitioners on notice of the issue and/or existence of records" that it seeks to examine, apparently for mitigation purposes.[4] In light of the broad disclosure requirements of Rule 15(h), and absent any argument or facts to support a conclusion that disclosure of mitigating evidence at this stage of the proceedings would be prejudicially premature, we reject Defendant's assertions.

¶ 11 We acknowledge, however, that prior decisions of this court have recognized the need in certain instances for weighing the interests between victims' and defendants' constitutional rights. *See, e.g., State v. Connor*, 215 Ariz. 553, 558, ¶¶ 9–10, 161 P.3d 596, 601 (App.2007) (noting that even when a defendant's due process rights are implicated, a wholesale abandonment of a victim's rights in deferral thereto is unwarranted and careful balancing of the competing interests must be conducted); *State ex rel. Romley v. Dairman*, 208 Ariz. 484, 490, ¶¶ 22–23, 95 P.3d 548, 554 (App.2004) (recognizing that

---

**3.** Similar reasoning applies here. Under Rule 15.2(h)(1)(a), within 180 days after receiving the state's disclosure, defense counsel in a capital case is required to disclose "[a] list of all mitigating circumstances intended to be proved." Thus, Defendant's suggestion that he has an unqualified right to confidentiality relating to mitigation matters lacks supporting legal authority.

**4.** Defendant cites American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases

(2003), *Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005), and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which support defense counsel's obligation to investigate all potentially mitigating evidence. But he offers no authority for the proposition that the reasonable exercise of such a duty equates to a right to ex parte proceedings absent additional justification for such a request.

competing constitutional interests of victim and defendant require the court to exercise its discretion in protecting each of those competing interests); *State ex rel. Romley v. Superior Court (Roper)*, 172 Ariz. 232, 236, 836 P.2d 445, 449 (App.1992) (holding that when a defendant's constitutional right to due process conflicts with the Victims' Bill of Rights in a direct manner, the defendant's due process rights are superior). In the instant case, however, we have no need to weigh or balance the respective constitutional interests of Petitioners and Defendant, as the record is devoid of any argument that Defendant's constitutional rights are in jeopardy. Although Defendant now claims that his Sixth Amendment right to counsel will be violated if Petitioners are allowed to attend the hearing relating to mitigation matters, he has not directed us to any facts in the record supporting his assertion. *See Connor*, 215 Ariz. at 558, ¶ 11, 161 P.3d at 601 (concluding that the trial court did not err in declining to order victim to produce medical records based on defendant's failure to make adequate showing that the material was necessary to fully present justification defense or to cross-examine witnesses). Thus, on this narrow record, we decline to further address any purported conflict between the parties' respective constitutional rights.

## CONCLUSION

¶ 12 Based on the foregoing, we vacate the trial court's order dated June 4, 2010, granting Defendant's motion for an ex parte hearing relating to mitigation issues.

CONCURRING: DANIEL A. BARKER and PHILIP HALL, Judges.