SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| PATRICIA MOREHART and COLLEEN DUFFY, | ) ) | Arizona Supreme Court No. CV-10-0327-PR |
| | ) | |
| Petitioners, | ) ) | Court of Appeals Division One |
| v. | ) | No. 1 CA-SA 10-0126 |
| | ) | |
| THE HONORABLE JANET E. BARTON, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of Maricopa, | ) ) ) ) | Maricopa County Superior Court Nos. CR2005-140129 CR2006-112056 |
| | ) | |
| Respondent Judge, | ) | |
| | ) | |
| THE STATE OF ARIZONA and WILLIAM CRAIG MILLER, | ) ) | **O P I N I O N** |
| | ) | |
| Real Parties in Interest. | ) | |
| _____ | ) | |

Special Action from the Superior Court in Maricopa County
The Honorable Janet E. Barton, Judge

**REMANDED**

_____

Opinion of the Court of Appeals, Division One
225 Ariz. 269, 236 P.3d 1216 (App. 2010)

**VACATED**

_____

CRIME VICTIMS LEGAL ASSISTANCE PROJECT                        Tempe
        By   Douglas L. Irish
             Keli B. Luther
Attorneys for Patricia Morehart and Colleen Duffy


CARMEN L. FISCHER ATTORNEY AT LAW                            Phoenix
        By   Carmen L. Fischer

And

KESSLER LAW OFFICES                                            Mesa

By    Eric W. Kessler
        Sandra Hamilton
Attorneys for William Craig Miller

WILLIAM G. MONTGOMERY, MARICOPA COUNTY ATTORNEY        Phoenix
    By    Lisa Marie Martin, Deputy County Attorney
Attorneys for Real Party in Interest State of Arizona

ARIZONA CAPITAL REPRESENTATION PROJECT                Tucson
    By    Natman Schaye
Attorney for Amici Curiae National Association of Criminal
Defense Lawyers, Southern Center for Human Rights, Oregon
Capital Resource Counsel, South Carolina Capital Trial
Division, Missouri Association of Criminal Defense Lawyers,
New Mexico Criminal Defense Lawyers, Texas Defender
Services, Arizona Attorneys for Criminal Justice, and
Arizona Capital Representation Project

STEVENS & VAN COTT, PLLC                              Scottsdale
    By    Charles Van Cott
Attorneys for Amicus Curiae National Crime Victim
Law Institute
_____

**B A L E S**, Justice

¶1      Arizona's Constitution entitles victims "[t]o be present at and, upon request, to be informed of all criminal proceedings where the defendant has the right to be present." Ariz. Const. art. 2, § 2.1(A)(3).  The issue here is whether this provision entitles victims to attend an ex parte hearing on the return of summonses issued as part of defense counsel's pretrial investigation of mitigation evidence in a capital case. Because the defendant has no right to attend such a purely procedural hearing, victims also have no right to attend.

**I.**

¶2      William Craig Miller is charged with five counts of

2

first degree murder and the State seeks the death penalty. In 2006, the trial court found Miller indigent and approved his ex parte motion for appointment of a mitigation specialist and a neurologist. *See* Ariz. R. Crim. P. 15.9(b) (authorizing ex parte application for appointment of investigators and experts for indigent capital defendants upon showing of need for confidentiality).

¶3 In April 2010, Miller filed a motion for an ex parte hearing related to "the defense investigation into mitigation matters." The State did not oppose this request, but surviving family members (the "Victims") of two of the murder victims objected, arguing that "[u]nder the Victims' Bill of Rights, any ex parte hearing excluding the crime victims is unconstitutional." The trial court initially found that it could not determine from Miller's motion whether an ex parte hearing was appropriate and directed defense counsel to submit an ex parte motion detailing the matters defense counsel wanted to discuss. Defense counsel filed such a motion under seal.

¶4 At a June 2010 pretrial conference, the trial court heard argument on the request for an ex parte hearing. The trial court noted that the request concerned out-of-state summonses. Under Arizona Revised Statutes ("A.R.S.") section 13-4093, Arizona courts may issue certificates to be presented to out-of-state courts to summon witnesses for Arizona criminal

proceedings. The proposed hearing here evidently concerned Miller's efforts to obtain possible mitigation evidence from third parties.

¶5 The Victims again objected to the ex parte hearing. The trial court explained that it would address any matters that concerned trial scheduling in open court, but that Arizona law allowed it to consider ex parte matters related to the defendant's discovery and procurement of mitigation, and it accordingly granted Miller's request for an ex parte hearing.

¶6 The Victims sought special action relief in the court of appeals, which accepted jurisdiction and vacated the trial court's order. *Morehart v. Barton*, 225 Ariz. 269, 273 ¶ 12, 236 P.3d 1216, 1220 (App. 2010). The court noted that the Arizona Constitution gives victims the right to be present at "all criminal proceedings where the defendant has the right to be present." *Id.* at 271 ¶ 6, 236 P.3d at 1218 (quoting Ariz. Const. art. 2, § 2.1(A)(3)); *see also* A.R.S. § 13-4420 (stating that victims have right "to be present throughout all criminal proceedings in which the defendant has the right to be present"). Although Rule 15.9(b) contemplates ex parte proceedings in some circumstances, the court of appeals said that this rule does not displace a victim's right to be present at "all criminal proceedings." 225 Ariz. at 271–72 ¶ 7, 236 P.3d at 1218–19.

4

¶7	The court of appeals found support for its conclusion in *State v. Apelt*, 176 Ariz. 349, 365, 861 P.2d 634, 650 (1993), which held that a defendant has no constitutional right to ex parte proceedings and noted that the Arizona Rules of Criminal Procedure require a defendant to disclose all witnesses and defenses. *Morehart*, 225 Ariz. at 272 ¶ 8, 236 P.3d at 1219. The court of appeals acknowledged that it may sometimes be necessary to balance the competing constitutional rights of victims and the defendant, but found that the record here did not establish that the defendant's constitutional rights would be jeopardized. *Id.* at 272–73 ¶ 11, 236 P.3d at 1219–20.

¶8	We granted review to determine whether the Victims are entitled under Arizona law to attend an ex parte hearing concerning defendant's pretrial mitigation discovery. The issue is one of first impression and statewide importance. We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

¶9	Arizona has been a national leader in providing rights to crime victims. Adopted as a constitutional amendment in 1990, the Victims' Bill of Rights provides crime victims the right "[t]o be treated with fairness, respect and dignity . . . throughout the criminal justice process." Ariz. Const. art. 2, § 2.1(A)(1); *see also* 1991 Ariz. Sess. Laws, ch. 229, § 2(2)

5

(noting that the Victims' Bill of Rights seeks to ensure that "all crime victims are provided with basic rights of respect, protection, participation, and healing of their ordeals").  One of the rights specifically afforded to victims is "[t]o be present at and, upon request, to be informed of all criminal proceedings where the defendant has the right to be present." Ariz. Const. art. 2, § 2.1(A)(3).  Similarly, A.R.S. § 13-4420 provides that "[t]he victim has the right to be present throughout all criminal proceedings in which the defendant has the right to be present."  The Arizona Rules of Criminal Procedure also acknowledge a victim's "right to be present at all criminal proceedings," Ariz. R. Crim. P. 39(b)(4), "at which the defendant has the right to be present," *id.* 39(a)(2) (defining "criminal proceeding").

¶10     At issue here is an ex parte hearing on the return of summonses related to a capital defendant's pretrial investigation of potential mitigation evidence.  A defendant is entitled to present mitigation in a capital case and the state must provide indigent defendants with resources to do so. *See, e.g., Dawson v. Delaware*, 503 U.S. 159, 167 (1992) (observing that "a capital defendant is entitled to introduce any relevant mitigating evidence that he proffers in support of a sentence less than death"); *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985) (concluding that state must provide indigent defendants with the

6

"basic tools of an adequate defense"); *State v. Bocharski*, 200 Ariz. 50, 62 ¶ 61, 22 P.3d 43, 55 (2001) (noting that "Arizona's justice system must provide adequate resources to enable indigents to defend themselves in a reasonable way" in capital cases). Because mitigation evidence is a key component of the defense in a capital case, defense counsel must conduct an exhaustive investigation of the client's past in order to provide effective assistance of counsel for purposes of the Sixth Amendment. *Wiggins v. Smith*, 539 U.S. 510, 522–23 (2003).

¶11 Consistent with this constitutional framework, Rule 15.9 addresses the appointment of investigators and expert witnesses for indigent defendants in capital cases. As initially adopted in 2002, this Rule did not provide for ex parte proceedings, which prompted concerns that defense counsel might improperly be required to disclose privileged or work product material in seeking to obtain mitigation evidence. Accordingly, the Rule was amended to expressly allow ex parte proceedings upon a "proper showing . . . [of a] need for confidentiality," and directing that "any such proceeding, communication, or request shall be recorded verbatim and made a part of the record available for appellate review." Ariz. R. Crim. P. 15.9(b); *cf.* Ariz. Sup. Ct. R. 81, Code of Judicial Conduct, Rule 2.9(A)(5) (providing "[a] judge may initiate, permit, or consider any ex parte communication when expressly

7

authorized by law to do so").

¶12     We assume for purposes of this case that the trial judge correctly determined that a proper showing had been made to justify an ex parte hearing on the return of the out-of-state summonses. Rule 15.9(b) recognizes that certain requests may be made by ex parte motions (e.g., a request for approval of payments for an investigator where there is a need for confidentiality), and courts often resolve such matters without a hearing. Here, the judge ordered an ex parte hearing only after considering a motion detailing why confidentiality was required, and the judge explained in open court that the hearing would be limited to mitigation discovery matters. Rule 15.9(b), we further assume, authorizes such a proceeding ancillary to the court's appointment of a mitigation specialist and its approval of funds for a mitigation investigation. Indeed, the State has not claimed that it was entitled to attend the hearing. The issue instead is whether exclusion of the Victims would violate their rights "to be present at" a criminal proceeding "where the defendant has the right to be present." Ariz. Const. art. 2, § 2.1(A)(3).

¶13     A criminal defendant generally has the right to be present in the courtroom during proceedings in his case. U.S. Const. amend. VI; *id.*, amend. XIV; Ariz. Const. art. 2, § 24; Ariz. R. Crim. P. 19.2. Although the right to be present is

8

largely rooted in the Sixth Amendment's Confrontation Clause, the Fourteenth Amendment's Due Process Clause also entitles the criminal defendant to be present when "not actually confronting witnesses or evidence against him." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). Thus, "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Id.*

¶14 The right to be present extends to those proceedings at which the defendant's "presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder v. Massachusetts*, 291 U.S. 97, 105–06 (1934), *overruled in part on other grounds by Malloy v. Hogan*, 378 U.S. 1 (1964); *State v. Dann*, 205 Ariz. 557, 571–72 ¶ 53, 74 P.3d 231, 245–46 (2003). Nonetheless, a criminal defendant's constitutional right to be present does not extend to purely procedural hearings. *E.g., United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam); *Snyder*, 291 U.S. at 105–06; *Dann*, 205 Ariz. at 571–72 ¶ 53, 74 P.3d at 245–46; *State v. Christensen*, 129 Ariz. 32, 38, 628 P.2d 580, 586 (1981).

¶15 *Stincer*, *Gagnon*, and *Dann* indicate that a hearing on a return of summonses issued in the pretrial investigation of mitigation is not the type of proceeding at which the defendant has a right to be present. In *Stincer*, the defendant was

9

excluded from an in-chambers hearing at which the trial court preliminarily determined that two child victims of a sexual offense were competent to testify. 482 U.S. at 732–33. Defense counsel attended the competency hearing and cross-examined the witnesses. *Id.* In these circumstances, the Court held that the defendant's right to be present had not been violated because his involvement in the competency hearing would not have had a "'relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'" *Id.* at 745 (quoting *Snyder*, 291 U.S. at 105–06).

¶16　　　　In *Gagnon*, the trial court excluded defendants from an in camera inquiry concerning juror prejudice. 470 U.S. at 523. After a juror expressed concern that one of four defendants in an alleged drug distribution conspiracy was sketching juror portraits, the judge ordered the defendant to stop sketching. *Id.* At defense counsel's request, the trial court briefly interviewed the juror in camera to ensure the sketching had not prejudiced the juror. *Id.* Defendant Gagnon's counsel was present during the in camera inquiry. *Id.* at 524. On appeal, each defendant claimed that the in camera discussion with the juror violated his right to be present at all stages of the trial. *Id.* at 524–25. Rejecting this argument, the Supreme Court observed that "'[t]he mere occurrence of an ex parte conversation between a trial judge and a juror does not

10

constitute a deprivation of any constitutional right,'" and that the defendants' presence "was not required to ensure fundamental fairness or a 'reasonably substantial . . . opportunity to defend against the charge.'"  *Id.* at 526-27 (second alteration in original) (citations omitted).

¶17      More recently, in *Dann* we considered a defendant's exclusion from "a series of pretrial conferences" and "a series of side-bar and in-chambers conferences held during jury selection and trial."  205 Ariz. at 571 ¶ 52, 74 P.3d at 245. Discussing the defendant's federal constitutional rights to be present at trial, this Court noted:

> [T]he right does not extend to in-chambers pretrial conferences, . . . to brief bench conferences with attorneys conducted outside the defendant's hearing, and to various other conferences characterized as relating only to the resolution of questions of law. When reviewing a defendant's absence from preliminary hearings, the court should examine the record as a whole and determine whether [the] accused suffered any damage by reason of his absence.

*Id.* at 571–72 ¶ 53, 74 P.3d at 245–46 (alterations in original) (internal quotation marks and citations omitted).  Although we emphasized in *Dann* that "[a] trial judge should make every effort to honor a defendant's request to attend all proceedings," *id.* at 575 ¶ 72, 74 P.2d at 249, we held that "[a] defendant does not have a constitutional right to be personally present" during all conferences concerning procedural issues, *id.* at 573–75 ¶¶ 61, 64–66, 68, 74 P.2d at 247–49 (internal

11

quotation marks omitted).

¶18     Here defense counsel conceded that Miller had no right to be present at the hearing on the return of out-of-state summonses related to his mitigation investigation. This conclusion is inescapable given the case law. The hearing would concern purely procedural matters that do not implicate Miller's right to confront witnesses and evidence against him and that have no "relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder*, 291 U.S. at 105–06. Defense counsel represented, and the Victims do not dispute, that hearings on the return of out-of-state summonses are often canceled after being scheduled because the production of documents obviates the need for a hearing. The trial court's comments reflect that it did not intend to discuss trial scheduling or any substantive issue ex parte. Thus, the contemplated hearing is not one "where the defendant has the right to be present." Ariz. Const. art. 2, § 2.1(A)(3).

¶19     The Victims argue that they are entitled to attend the hearing regardless of Miller's right to attend because his counsel will be present. We agree with the Victims that they cannot be excluded from a proceeding that the defendant is entitled to attend merely because the defendant voluntarily waives his presence. But the Victims argue further that their right to attend proceedings "where the defendant has a right to

12

be present" should include proceedings where either the defendant or defense counsel is entitled to appear. This argument, however, is refuted by the language of the Victims' Bill of Rights and the parallel statutory provision, which refer to the "defendant" rather than the "defense" or "defense counsel." *Cf.* Ariz. Const. art. 2, § 2.1(A)(5) (describing victims' right to refuse interviews and discovery requests "by the defendant, the defendant's attorney, or other person acting on behalf of the defendant").

**¶20** Our conclusion that the Victims are not entitled to attend the contemplated ex parte hearing is not affected by this Court's decision in *Apelt*, 176 Ariz. at 365, 861 P.2d at 650. There we rejected a defendant's argument that the trial court erred in refusing to hold an ex parte hearing on a request for expert assistance in a capital case. *Id.* The Court noted that there was no Arizona legal authority for such a hearing, that neither due process nor equal protection generally requires ex parte proceedings for such requests, and that the defendant had failed to show any prejudice from the denial of an ex parte procedure. *Id.* *But cf. Ex Parte Moody*, 684 So. 2d 114, 120 (Ala. 1996) (holding that Fifth, Sixth, and Fourteenth Amendments entitle criminal defendant to ex parte hearing on request for expert assistance); *Stevens v. Indiana*, 770 N.E.2d 739, 759 (Ind. 2002) (describing split among state courts

13

whether ex parte hearings may be constitutionally required).

¶21    *Apelt* did not address a defendant's entitlement to be present at a hearing, much less whether victims could attend. Moreover, that opinion's comments about the legal authority for ex parte proceedings have been superseded by Rule 15.9(b), which authorizes ex parte communications related to court-appointed investigators and experts for indigent capital defendants when there is a need for confidentiality.  Although *Apelt* recognized that Arizona's Rules of Criminal Procedure provide for the disclosure of witnesses and other evidence the defense intends to use at trial, including evidence regarding mitigating circumstances, *see* Ariz. R. Crim. P. 15.2(h), that fact does not obviate the need to preserve the confidentiality of defense work product or attorney-client material during the investigation of mitigation evidence.  *Apelt* does not preclude trial courts from determining that, in particular cases, disclosure would interfere with the defendant's rights to receive effective assistance of counsel and to obtain the "basic tools" for an adequate defense. *Ake*, 470 U.S. at 77.

¶22    We acknowledge that our constitution broadly protects the rights of crime victims, including the right to be present at proceedings "where the defendant has the right to be present," Ariz. Const. art. 2, § 2.1(A)(3), and that court proceedings generally must "be administered openly,"  Ariz.

14

Const. art. 2, § 11. Our holding today respects these provisions while ensuring capital cases are conducted in the manner the United States Supreme Court has said is constitutionally required. To summarize, an ex parte hearing related to pretrial mitigation discovery is permitted under Rule 15.9(b) only when the defense has made a proper showing of a need for confidentiality. Victims are not entitled to attend such hearings under Arizona Constitution, article 2, section 2.1(A)(3) or A.R.S. § 13-4420, if, as is the case here, the defendant does not have a right to be present.

¶23 We recognize, moreover, that victims have various rights to participate in court proceedings that are independent of the defendant's right to be present. For example, victims are statutorily entitled to "be given notice of and the right to be heard at any proceeding involving a subpoena for records of the victim from a third party," A.R.S. § 13-4071(D), and, "on the filing of a notice of appearance and if present, counsel for the victim shall be included in all bench conferences and in chambers meetings and sessions with the trial court that directly involve a victim's right enumerated in article II, § 2.1, Constitution of Arizona." A.R.S. § 13-4437(D). Trial courts must consider if such rights are implicated in any ex parte proceeding sought under Rule 15.9(b), and, if so, must enforce the victims' rights unless the result would deprive the

15

defendant of a fair trial. *See* U.S. Const. art. VI, cl. 2; *see also State v. Riggs*, 189 Ariz. 327, 330, 942 P.2d 1159, 1162 (1997) ("[I]f, in a given case, the victim's state constitutional rights conflict with a defendant's federal constitutional rights to due process and effective cross-examination, the victim's rights must yield."); *State v. Bible*, 175 Ariz. 549, 602-03, 858 P.2d 1152, 1205-06 (1993)(noting that victims' rights cannot conflict with right to a fair trial).

### III.

¶24    For the reasons stated, we vacate the opinion of the court of appeals and remand this case to the superior court for further proceedings.


_____
                 W. Scott Bales, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
A. John Pelander, Justice


_____
Robert M. Brutinel, Justice


16