301 Ga. 54
FINAL COPY

S15Z1597. In re JUDICIAL QUALIFICATIONS COMMISSION
FORMAL ADVISORY OPINION NO. 241.

Per curiam.

In July 2014, the Council of State Court Judges (hereinafter, "the Council") filed an amicus brief in the then-pending matter of Sentinel Offender Services, LLC v. Glover, 296 Ga. 315 (766 SE2d 456) (2014).[1] That same month, plaintiffs' counsel in Sentinel submitted a request to the Judicial Qualifications Commission (hereinafter, "the Commission") for an opinion as to whether the Georgia Code of Judicial Conduct prohibited the Council from submitting amicus briefs to the Supreme Court of Georgia in a pending case involving private litigants. Thereafter, the Commission rendered Formal Advisory Opinion No. 241.[2] Relying on portions of former[3] Canons 1,[4] 2 (A),[5]

[1] The Sentinel cases presented a challenge to the use of private probation companies by Georgia courts to provide misdemeanor probation supervision services. This Court's opinion in the case was issued in November 2014.

[2] The Commission is not obligated to promptly issue a formal advisory opinion simply because one is requested, and although it is not necessarily improper to issue an advisory opinion on a judicial ethics question that may affect pending cases, the Commission should proceed with caution when asked to address a matter affecting a specific pending case, particularly when the request comes from a party to that case.

and 2 (B)[6] of the Code of Judicial Conduct, the Commission opined that the "filing [of] Amicus Curiae Briefs by judges, councils of judges or any other organization of judges in cases pending in any trial or appellate court would be improper and prohibited by the Georgia Code of Judicial Conduct."

---

[3] In May 2015, this Court adopted a revised Code of Judicial Conduct, effective as of January 1, 2016. The pertinent Canon provisions relied upon by the Commission in this matter – Canons 1, 2 (A) and 2 (B) – have been carried forward into the revised Code.

[4] An independent and honorable judiciary is indispensable to justice in our society. Judges shall participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe such standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

[5] "Judges shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

[6] Judges shall not allow their family, social, political or other relationships to influence their judicial conduct or judgment. Judges shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor should they convey or permit others to convey the impression that they are in a special position to influence them. Judges should not testify voluntarily as a character witness.

2

The Council petitioned this Court pursuant to Commission Rules 22 (b) and (d), seeking a review of Formal Advisory Opinion No. 241. This Court granted the petition, questioning whether Georgia law and the Code of Judicial Conduct permitted either individual judges, or groups or councils of judges, to file amicus curiae briefs in pending cases.

The parties filed briefs on the merits, and the Commission also filed a motion to dismiss,[7] contending that this Court was without authority to review the Commission's formal advisory opinions. We heard oral argument on November 2, 2015. Having carefully considered the arguments of both parties, we conclude that the Code of Judicial Conduct permits judges' associations to submit amicus briefs in pending litigation. We further conclude that, while individual judges are not absolutely barred from filing amicus briefs in pending litigation, they may only do so on rare occasion and with great caution. Accordingly, pursuant to Rule 22 (b), we direct the Commission to reconsider Opinion No. 241 in a manner consistent with the opinion of this Court.

---

[7] The Commission filed a similar motion to dismiss in the case of In re Judicial Qualifications Commission Formal Advisory Opinion No. 239, 300 Ga. 291 (794 SE2d 631) (2016).

1.    First, we address the Commission's motion to dismiss, which avers that this Court lacks the authority to review the Commission's advisory opinions. For the same reasons as explained by this Court in In re Judicial Qualifications Commission Formal Advisory Opinion No. 239, 300 Ga. 291, 292-299 (794 SE2d 631) (2016) (establishing this Court's authority to review advisory opinions from the Judicial Qualifications Commission), that motion is denied. [8]

2.    Concerning Formal Advisory Opinion No. 241, the Council argues that the Commission lacks authority to issue the opinion as it attempts to regulate the Council's institutional conduct and is unrelated to judicial discipline. We agree.

"It is our opinion that the jurisdiction of the Commission should be construed as encompassing only persons who are clearly intended to be within

_____

[8] As amended by the November 2016 referendum, the Constitution implicitly recognizes the Commission's authority to issue advisory opinions and expressly authorizes this Court's review of the same. See Ga. Const. of 1983, Art. VI, Sec. VII, Par. VI (b). We also note that House Bill 126 amends OCGA § 15-1-21 to address the issuance and review of formal advisory opinions, effective July 1, 2017.

its jurisdiction." Matter of Inquiry Concerning a Judge No. 1419, 259 Ga. 831, 831 (388 SE2d 683) (1990). Further,

> [a]lthough the Commission possesses the authority to impose discipline to enforce the standards of judicial conduct, nothing in the Constitution vests the Commission with the authority to set those standards in the first instance, to render authoritative and binding interpretations of the standards, or to offer any interpretation of the standards other than in the context of a particular disciplinary proceeding. To the contrary, the Constitution itself identifies in general terms the conduct for which judges may be disciplined, see Art. VI, Sec. VII, Par. VII, and the authority to prescribe more particularized standards for judicial conduct belongs to this Court as an incident of the judicial power, see Judicial Qualifications Comm. v. Lowenstein, 252 Ga. 432 (314 SE2d 107) (1984), an authority that we have exercised by our adoption of the Code of Judicial Conduct.

Formal Advisory Opinion No. 239, 300 Ga. at 294-295 (1) (b).

The Georgia Constitution vests the Commission with the power "to discipline, remove, and cause involuntary retirement of judges," Ga. Const. of 1983, Art. VI, Sec. VII, Par. VI, and charges the Commission to review both voluntary and involuntary disciplinary actions for "any judge" serving in Georgia, see generally id. at Par. VII. The Application section of the former Code of Judicial Conduct explained that the Code applied to "[a]nyone,

5

whether or not a lawyer, who is an officer of a judicial system performing judicial functions," and further provided that the Commission retained jurisdiction over "individuals to whom [the] Code is applicable" for one year after their term of service expired.[9]  Accordingly, based upon the plain language of our Constitution and the Code of Judicial Conduct, the scope of the Commission's authority is limited to reviewing alleged improper actions of individuals performing judicial functions and potentially imposing disciplinary action for the same.

Here, the Council is not an individual judge.  It did not perform a judicial function by submitting an amicus brief to this Court for consideration and the Council is not facing a potential disciplinary action based upon these activities; instead, the Council is a constitutionally-created body[10] which was established in order "to effectuate the constitutional and statutory responsibilities conferred upon it by law and to further the improvement of the state courts, the quality and expertise of the judges thereof, and the administration of justice."  OCGA

---

[9] The Application section of the revised Code explains that the Code applies to "[a]nyone, whether or not a lawyer, who performs judicial functions under the Constitution and laws of Georgia."

[10] Ga. Const. of 1983, Art. VI, Sec. IX, Par. I.

§ 15-7-26 (b). The filing of amicus briefs by the Council may fulfill these purposes and is part of the long tradition of judicial organizations, including the Conference of Chief Justices, filing amicus briefs in state and federal courts around the country.[11] Therefore, the Commission does not have the authority to regulate the Council's conduct as an institution. Accord Mass. Comm. On Judicial Ethics Op. No. 2002-10, 2002 WL 34696420, at *2 (Sept. 30, 2002) (hereinafter "Mass CJE Op."); Utah Judicial Ethics Informal Op. 98-17, 1998 WL 35387318, at *1 (Dec. 14, 1998).

3. Though the request submitted by plaintiffs' counsel in the Sentinel matter only asked whether a judicial council could file an amicus brief in pending litigation, the Commission extended its interpretation of the Code of Judicial Conduct in FAO No. 241 to absolutely bar individual judges from filing amicus briefs. However, in coming to this conclusion, the Commission

---

[11] Indeed, the commentary to former Canon 4 (now Commentary [1] to Rule 3.7 (A)) encourages judges "to contribute to the improvement of the law, the legal system, and the administration of justice . . . either independently or through a bar association, judicial conference, or other organization dedicated to the improvement of the law," so long as their participation does not "cast doubt on their capacity to decide impartially any issue that may come before them."

7

did not look beyond the general provisions of Canons 1 and 2. Reviewing the Code of Judicial Conduct in its entirety, we conclude that, while individual judges are generally prohibited from filing amicus briefs, they may, on a rare occasion and while exercising extreme caution, file such briefs in pending matters.

Generally, the Code of Judicial Conduct prohibits full-time judges from filing individual amicus briefs. For instance, former Canon 5 (F) (now Rule 3.10) states that a full-time judge "shall not practice law, unless allowed by law."[12] Even more pertinent is former Canon 3 (B) (9) (now Rule 2.10 (A)), which stated:

> Judges shall not, while a proceeding is pending or impending *in any court*, make any public comment that might reasonably be expected to affect its outcome or impair its fairness or make any non-public comment that might substantially interfere with a fair trial or hearing . . . . This subsection does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court. This Section does not apply to proceedings in which the judge is a litigant in a personal capacity.

---

[12] The Application section of the Code exempts part-time judges and judges pro tempore from this restriction.

8

(Emphasis supplied.)[13] The phrase "in any court" indicates that a judge is not only prohibited from commenting on cases pending in his or her own court, but is also precluded from commenting on matters pending in other courts. Thus, a judge who uses an amicus brief to publicly express his or her view on how a pending case should be decided will generally violate this canon. See Mass. CJE Op., 2002 WL 34696420, at *1. See also Opinion of the Alabama Judicial Inquiry Commission (May 9, 1997) ("Insofar as the [proposed amicus brief of an individual judge] would become part of the public record when filed, it could be considered to be a public comment about a pending proceeding prohibited by [the equivalent of Rule 2.10 (A)]"). Though, we note that statements made prior to the commencement of an action may be permissible. See Mass. CJE Op., 2002 WL 34696420, at *1.

---

[13] The Commentary for this rule in both the former and revised Codes explains that matters continue to be "pending" through the appellate process until final disposition. Moreover, the Terminology section defines "Comment" in connection with a case as "evaluative statements judging the professional wisdom of specific lawyering tactics or the legal correctness of particular court decisions." Excluded from this definition is the giving of an informative statement regarding basic legal concepts and procedural matters.

Furthermore, though judicial organizations such as the Council can file amicus briefs in pending matters, we caution the individual judges involved in similar organizations to be circumspect with regard to their own roles in, and public affiliation with, the briefs filed by these organizations. Jurists in this position should ensure that such briefs clearly reflect the views of the organization or the judiciary as a whole, rather than emphasizing the interest of any individual member judge or advocating for a specific party in a pending matter. See Mass. CJE Op., 2002 WL 34696420, at *2; Ariz. Sup. Ct. Judicial Ethics Advisory Comm. Op. 89-02, 1989 WL 608471, at *1 (Sept. 25, 1989).

All of this said, the Code of Judicial Conduct does provide for the rare occasion in which an individual judge may file an amicus brief in a pending matter. For instance, such conduct may be permissible when the judge "is a litigant in a personal capacity." See former Canon 3 (B) (9) (now Rule 2.10 (D)). Likewise, if a judge is disqualified from ever deciding a legal issue because such a decision would directly and personally affect him or her, then the judge may also be able to express his or her views through an amicus brief. See, e.g., Heiskell v. Roberts, 295 Ga. 795 (764 SE2d 368) (2014) (addressing,

in a case brought by a state court judge, the question of whether a state, superior, or appellate court judge appointed to fill a vacancy qualifies as an "incumbent" entitled to the salary of the judge whom he or she replaced for the remainder of the original judge's term). It is in rare instances such as these that an individual judge may be allowed to file an amicus brief in a pending matter.

Judicial Qualifications Commission directed to reconsider Formal Advisory Opinion No. 241. All the Justices concur.


Decided May 1, 2017.

Formal Advisory Opinion.

Bondurant, Mixson & Elmore, Michael B. Terry, Jeremy D. Farris, for appellant.

Brinson Askew Berry Siegler Richardson & Davis, Norman S. Fletcher, Lee B. Carter, for appellee.

Tucker Long, Thomas W. Tucker, John B. Long; John R. B. Long, amici curiae.